KNICKERBOCKER TOY COMPANY, INC., Appellant,

v.

FAULTLESS STARCH COMPANY, Appellee.

Patent Appeal No. 8651.

United States Court of Customs and Patent Appeals.

Oct. 12, 1972.

Stoll & Stoll, New York City, attys. of record, for appellant. Samuel J. Stoll, Robert S. Stoll, New York City, of counsel.

Nicholas John Stathis, Watson, Leavenworth, Kelton & Taggart, New York City, attys. of record, for appellee. Albert Robin, New York City, Claude W. Lowe, Kansas City, Mo., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

RICH, Acting Chief Judge.

■■ This appeal [1] is from the unreported decision of the Patent Office Trademark Trial and Appeal Board (TTAB) granting appellee's motion to strike portions of appellant's pleadings in an opposition [2] and two cancellations,[3] all of which were consolidated below and all of which present the same issues.[4] We modify and remand.

### Background

Appellee, Faultless Starch, according to its brief,

> * * * owns two registrations of a trademark consisting of a representation of a rag doll, Registration No. 829,632 issued on June 6, 1967, covering laundry preparations, namely, water softening agent, and a sizing and finishing agent for fabrics, and Registration No. 829,912, issued on June 6, 1967, covering laundry detergent. Appellee also has pending Application Serial No. 282,991 filed on October 20, 1967, to register the same trademark for laundry starch.

These are the registrations appellant seeks to cancel and the application which it opposes. They are not in the transcript of record, but we deem their presence unnecessary to decision of the issues on appeal. Compare In re Locher, 455 F.2d 1396, 1400–1401, 59 CCPA (1972).

Appellant owns trademark registration No. 837,049 of the word-mark RAG-

---

1. The petition of appeal states that appellant "has complied with the requirements of Title 35, United States Code," §§ 142 and 143. Title 35 pertains to patents, and §§ 142 and 143 pertain to appeals in patent cases. However, we have construed the appeal as if filed pursuant to 15 U.S.C. § 1071(a), the provision governing appeals to this court in trademark cases. See this court's amendment of May 18, 1972, to its Rule 25(1), Patent, Trademark and Copyright Weekly Reports, May 29, 1972, page II.

2. No. 48,792.

3. Nos. 9,215 and 9,216.

4. We note that appellant has nevertheless included the text of its pleadings (which are identical but for their captions and preamble), the powers of attorney (which are identical), and appellee's motion to strike (which are identical but for their captions and references to the specific case in their introductions) from each of the three cases, thereby adding 38 unnecessary pages to the transcript of record. See our Rule 25(3)(e), which permits parties, subject to the approval of the Commissioner of Patents, to agree to leave such superfluous documents out of the transcript of record, explaining their absence with a sentence or two.

GEDY ANN for "Stuffed Rag Dolls"[5] and a *copyright* registration[6] of a "Stuffed Rag Doll" entitled "Raggedy Ann." The controversy before us concerns appellant's right, in proceedings before the Trademark Trial and Appeal Board, to rely on its copyright property in the doll. This is thus one of those often perplexing cases involving the interrelationship between various forms of intellectual property. Cf. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954) (copyrights and design patents); In re Mogen David Wine Corp., 328 F.2d 925, 51 CCPA 1260 (1964); id., 372 F.2d 539, 54 CCPA 1086 (1967) (trademarks and design patents); and In re Thorington, 418 F.2d 528, 57 CCPA 759 (1969) (design patents and utility patents).

This controversy arises because appellee moved to strike those portions of appellant's pleadings pertaining to appellant's copyright and damage thereto, which damage appellant alleged it would suffer from appellee's registrations of its marks. The motions to strike were based on the grounds (1) that the Trademark Trial and Appeal Board lacks jurisdiction over the subject matter of those portions of appellant's pleadings and (2) that they consist of immaterial and impertinent matter. The damages which appellant alleged in those portions of its pleadings with which we are now concerned were (1) that appellee's publication of representations of appellant's copyrighted doll, "including publication in the Official Gazette of the Patent Office," without authorization and without the statutory copyright notice would, if not stopped,

"destroy * * * [appellant's] entire right, title and interest in and to the copyright in said work," (2) that appellee's publication of representations of appellant's copyrighted doll would "deprive * * * [appellant] of the exclusive use of said copyrighted work, infringe said copyright, violate * * * [appellant's] rights therein, and expose * * * [appellant] to further violation thereof by others," and (3) that appellee's publication of representations of appellant's copyrighted doll would "[diminish] the commercial value of the copyright to * * * [the appellant]" in various ways.

Appellee did not move to strike the following two paragraphs from appellant's pleadings:[7]

25. Appellee's use of a copy or representation of appellant's copyrighted Raggedy Ann doll as a trademark for laundry products constitutes unfair competition with appellant, calculated to cause confusion in the marketplace with respect to origin of the goods, the relationship of appellee to appellant's goods, and the relationship of appellant to appellee's goods, there being no way for consumers to determine whether there is or is not any connection or relationship between appellant and appellee or between their respective Raggedy Ann goods.

26. The confusion which is likely to be caused in the marketplace as between appellant's Raggedy Ann goods and appellee's Raggedy Ann goods will be highly injurious to appellant.

■ The board granted appellee's motions in their entirety.[8] It started from

---

5. Registered October 17, 1967, alleging first use June 5, 1915.

6. Gp 55,343, which states that the subject of the registration was first published on March 9, 1964.

7. The word "appellant" has been substituted for the words "opposer" and "petitioner" in these pleadings, and "appellee" has been substituted for the words "applicant" and "registrant." Additionally, portions of these paragraphs cancelled by appellant after hearing, as explained in

part I of this opinion, have been omitted without indicating the omissions.

8. Although the parties have not mentioned the fact, we note that only one signature (of an "Acting Member") appears at the end of the board's opinion as printed in the record. We take judicial notice of the fact that it is customary for all members of the TTAB participating in a decision to sign the opinion. Section 17 of the Trademark Act (15 U.S.C. § 1067) requires that

the proposition, which it termed "well settled" though it cited no authority, that:

> \* \* \* the [Trademark Trial and Appeal] Board has no jurisdiction to determine the validity of or infringement of a copyright. That authority rests with the federal courts.[9]

The board then stated that the "sole question" before it was

> \* \* \* [1] whether the averments sought to be stricken comprise a claim of copyright infringement and [2] whether such a question can be determined by the Board as a collateral matter to the question of damage within the meaning of the Trademark Act of 1946.

It answered the first question in the affirmative and the second in the negative, apparently in considerable part because it feared that an affirmative answer to the second question would have required it to "adjudicate the validity of the pleaded copyright," appellee having stated in its motions to strike that, if its motions were not granted, it "would be obliged to plead that \* \* \* [appellant's] purported copyright is invalid[10] and that it has not infringed the same." The board also relied on Merrick v. Sharp & Dohme, Inc., 185 F.2d 713, 717, (7th Cir. 1950), cert. den. 340 U.S. 954, 71 S.Ct. 573, 95 L.Ed. 687 (1951), which it characterized as

> \* \* \* holding that \* \* \* [a trademark infringement action] involves private litigation whereas \* \* \* [a trademark opposition] is an administrative matter that is held in the interest of the public with the Patent Office as the public's representative.

The board stated its belief that:

> \* \* \* the claim against Faultless predicated on the adverse party's alleged copyright falls in the category of a private matter because the objected [to] averments and exhibits are, in essence, directed to a claim of misuse of the subject matter of the pleaded copyright.

It therefore concluded that it was "precluded from considering this question either directly or otherwise" and granted appellee's motions to strike.[11]

---

"Each case shall be heard by at least three members of the Board," and no doubt the reference in section 21(a) (15 U.S.C. § 1071(a)) to "the decision of the \* \* \* Trademark Trial and Appeal Board" is to the decision of such a panel of at least three members of the board. Thus, if it were established that only one member of the board made the decision in this case (cf. Rule 2.127(c)), our jurisdiction over this appeal would at least be questionable, since it would not be from the decision of an entity authorized by statute to make decisions in the name of the Trademark Trial and Appeal Board. However, in an appeal from the Tariff Commission, this court faced a similar question, which was argued by the parties, and the court indicated that it would *presume* that the proper number of commissioners had participated in the decision, despite the absence of one commissioner's signature on the commission's report, in the absence of proof to the contrary. Frischer & Co. v. Bakelite Corp., 39 F.2d 247, 255–256, 17 CCPA 494, 506 (1930), cert. den. 282 U.S. 852, 51 S.Ct. 29, 75 L.Ed. 755. We follow that course here.

9. The board was apparently thinking of 28 U.S.C. § 1338(a), referred to in the motions, which states that:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to \* \* \* copyrights \* \* \*. Such jurisdiction shall be exclusive of the courts of the states in \* \* \* copyright cases.

10. The relevance of the validity of appellant's copyright is that, if the copyright is not valid, appellant may have no protectable interest in the appearance of its dolls. Cf. Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964).

11. As a matter of interest, we note that another panel of the board (presumably; see n. 8, supra) recently denied a motion

## OPINION

### I. Jurisdiction of This Court

■ At oral argument, we asked the parties to brief the question of jurisdiction of this court over an appeal from a decision of the Trademark Trial and Appeal Board granting a motion to strike some, but not all, of a party's pleadings. Up to that time the parties had assumed we had jurisdiction. We referred them to United States Treasury v. Synthetic Plastics Co., 341 F.2d 157, 52 CCPA 967 (1965); Seamless Rubber Co. v. Ethicon, Inc., 268 F.2d 231, 46 CCPA 950 (1959); and Master, Warden, etc. v. Sheffield Steel Corp., 215 F.2d 285, 42 CCPA 726 (1954), all of which stand for the general proposition that this court does *not* have jurisdiction over *interlocutory* appeals from the Trademark Trial and Appeal Board.

Neither party has asked us to overrule the above cases, but both have asked us to decide this appeal despite them. Appellee has asked us to do so because the board's decision "finally disposed of and eliminated from consideration the major portion of the matters in dispute, both in terms of the pleadings and the issues." Appellant, for the stated purpose of "rendering said [board] decision final" by removing from the case all issues other than "the issues raised by this motion to strike" moved under Rule 15(a) of the Federal Rules of Civil Procedure to amend by cancelling those portions of its pleadings dealing with its

*trademark* registration of the wordmark RAGGEDY ANN. The Trademark Trial and Appeal Board granted appellant's motion March 10, 1972,[12] and appellee has not questioned the method by which or the late date at which the cancellation was accomplished.

The portions of appellant's pleadings which have not been struck pursuant to either party's motion recite appellant's name and address and appellee's ownership of its registrations and its application, describe appellee's mark, and conclude with amended paragraphs 25 and 26 set forth supra. Appellant concedes that its "amendments to the pleadings leave certain portions of paragraphs 25 and 26 [supra] intact and that these portions have not technically been adjudicated." It argues, however, that the logic of the board's opinion "encompasses these non-adjudicated portions fully as well as the adjudicated paragraphs" and that, practically speaking, it has transformed the interlocutory decision into a final adjudication by deleting all references to its trademark.

Appellee, while arguing that the court would have had jurisdiction to decide the appeal even if appellant had not cancelled the above-mentioned portions of its pleadings, contends that,

\* \* \* if the decision from which the instant appeal was taken lacks sufficient finality to be appealable at this time, then the amendments to the pleadings which appellant proposes

to dismiss an opposition based on the opposer's utility patent rights. Bell v. B-I-W Group Inc., 174 USPQ 254 (TTAB 1972).

12. The rationale of the board's decision to do so appears in the following paragraph from the opinion accompanying its decision on appellant's motion to amend.

Ordinarily, when an appeal is taken, jurisdiction in the appealed matter is transferred to the Court and the Board can proceed no further with respect to the "subject matter of the appeal" until the appeal has been terminated. See: Loshbough v. Allen, 359 F.2d 910, 53 CCPA 1214, (CCPA, 1966) and In re

Allen, Jr., 115 F.2d 936, 28 CCPA 792, (CCPA, 1940). In the instant controversy, however, it appears that the matter sought to be stricken from the pleadings bares no relationship to the subject matter of the appeal; and hence, the general rule is not applicable. Moreover, since under Rule 15(a) a motion to amend submitted prior to the filing of an answer must be entered "as a matter of course", such an action requires only the exercise of a "purely ministerial function", as to which, the Board has no discretion. See: Loshbough v. Allen, supra.

are not sufficient to give it the requisite finality.

Appellee's alternative position is based primarily on the remaining portions of paragraphs 25 and 26, which it contends raise issues which still have not been adjudicated below.

Appellee refers us to Gillespie v. United States Steel Corp., 321 F.2d 518 (6th Cir. 1963), affirmed, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), where the Court of Appeals had before it an appeal from an order of the District Court striking two of the three grounds upon which plaintiff's cause of action was based. After discussing the difficulties of determining what constitutes a "final" order, appealable without the benefit of 28 U.S.C. § 1292(b) (which provides for interlocutory appeals in certain cases), and noting appellant's argument that the rule was frequently bent if not broken to allow the appellate courts to grant early review of claims "fairly severable from the context of a larger litigious process," the court concluded that, while the question before it was a close one, "in the interest of the due and proper administration of justice," it would be preferable to decide the appeal on the merits rather than dismissing the appeal as premature. The Supreme Court affirmed, stating that "the requirement of finality is to be given a 'practical rather than a technical construction'" and noting that the questions presented were "fundamental to the further conduct of the case." 379 U.S. at 152–154, 85 S.Ct. at 311–312. See also Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966), and Collins v. Metro-Goldwyn Pictures Corp., 106 F.2d 83 (2d Cir. 1939). In Gillespie the Supreme Court said (379 U.S., pp. 152–153, 85 S.Ct. p. 311):

Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299, pointed out that in deciding the question of finality the most important competing considerations are "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."

Appellee argues that our final judgment rule should be given a "practical construction" and that the decision which is the subject of the instant appeal should be considered final both because "the cause of action left unadjudicated is by comparison insubstantial" and because "the cause of action left unadjudicated is separate and distinct from the cause of action which was decided." While we do not believe that the cause of action left unadjudicated is inconsequential or frivolous, we do agree that, at the very least, our final judgment rule should be given a "practical construction" and that the cause of action left unadjudicated in this case is sufficiently separate and distinct from the cause of action which was decided that, in the interests of the due and proper administration of justice, we should reach it now. We therefore hold that the decision appealed from in this case is final and that we have jurisdiction to review it.

## II. *Appellee's Motion to Strike* [13]

Section 13 of the Trademark Act (15 U.S.C. § 1063) provides (our emphasis) that "Any person who believes that he would be damaged *by the registration* of a mark upon the principal register may * * * file a verified opposition in the Patent Office," and section 14 (15 U.S.C. § 1064) provides (our emphasis) that "A verified petition to cancel a registration of a mark * * * may

13. This section might be thought to go somewhat beyond the issues which are technically before us at the present time insofar as it treats paragraphs 25 and 26 of appellant's pleadings, as amended, which were neither stricken by the board nor cancelled by appellant. However, the parties' arguments have made frequent references to these paragraphs, and we have concluded that the propriety of the striking of the other paragraphs cannot be considered in a vacuum, but must be considered against the background of the remaining paragraphs in appellant's pleadings.

* * * be filed by any person who believes that he is or will be damaged *by the registration* of a mark on the principal register * * *." The statute does not expressly define damage or state in what way a person must believe himself to be damaged *by the registration,* actual or potential, in order to have standing to maintain an opposition or cancellation proceeding. Appellee's strongest argument in support of its motion proceeds as follows: Section 2 of the Trademark Act (15 U.S.C. § 1052) in effect specifies the grounds upon which the belief of damage must be based. Section 2 provides that "No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it" falls within certain prohibited categories. Only two of these categories are possibly relevant here. The first category is (d) "a mark which so resembles a mark registered in the Patent Office or a *mark* or *trade name* previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive * * *." (Emphasis ours.) The other category is (e) "a mark which * * * when applied to the goods of the applicant * * * is merely descriptive or deceptively misdescriptive *of them* * * *." (Emphasis ours.) Neither of these categories is squarely applicable to this situation. The stricken portions of appellant's pleadings do not allege prior use of its Raggedy Ann doll per se as a trademark or as a trade name or that appellee's mark is descriptive or deceptively misdescriptive of *appellee's* goods.

 If we were writing upon a clean slate, this argument might have persuasive force. However, we are not, and it has long been the law that, in an opposition based on likelihood of confusion, mistake, or deception, "It is sufficient if an opposer establishes 'priority of use analogous to a trade-mark use' of a trade-name, and the 'likelihood of damage to him *by the registration* of such mark to another.'" (Emphasis ours.) Lever Bros. Co. v. Nobio Products, Inc., 103 F.2d 917, 919, 26 CCPA 1253, 1255 (1939). We see no reason why a different rule should obtain in cancellations. This court has held that a party to a trademark opposition may rely on advertising and promotional use of a term or slogan, Lever Bros. Co. v. Nobio Products, Inc., supra,[14] and grade-or model-mark use of a word, John Wood Mfg. Co. v. Servel, Inc., 77 F.2d 946, 22 CCPA 1370 (1935),[15] to establish superior rights over a subsequent trademark user of the term, slogan, or word. We now hold that a party to such a proceeding can similarly rely on the copyrighted appearance of its goods, per se.[16]

---

14. Lever Bros. Co., the manufacturer of "Lifebuoy" soap, successfully opposed registration of a mark used on deodorants the dominant feature of which was the word NOBIO on the basis of its *advertising* use of the slogan "No B.O."

15. There a manufacturer of electric refrigerators who had used the word HOSTESS to designate a particular model successfully opposed its registration as a *trademark* for the same goods.

16. Appellee argues that:
 If appellant's claims of infringement of its purported copyright in "the Raggedy Ann doll", as set forth in paragraphs 2 to 23, inclusive, of the notice of opposition and the petitions for cancellation, were to be permitted to

serve as the basis for opposing or cancelling appellee's registration of its trademark consisting of a representation of a rag doll for laundry products, then appellant's purported copyright would in effect create in appellant trademark rights in the subject matter thereof which would extend through all sixty Patent Office classes of goods and services irrespective of the likelihood of confusion, i. e., a "universal trademark".
We think that appellee's fears are unfounded. On remand the board will still have to determine whether or not appellant's factual allegations concerning the identity of appearance between appellant's copyrighted dolls and appellee's trademark is supported by the evidence

This result is, we think, as much "supported * * * by reason and common sense," John Wood Mfg. Co. v. Servel, Inc., 77 F.2d at 949, 22 CCPA at 1374, as were the results in the previous cases. Certainly the probability of confusion, mistake, or deception can be equally high in cases such as this one.

■■ What appellant seems to have lost sight of in its pleadings in the opposition and two cancellations is that in the Patent Office it can properly attack *only* appellee's right *to register* and that the Patent Office is not the place to complain about appellee's *conduct* in *using* representations of the Raggedy Ann doll or *publishing* representations of it. Such conduct is no concern of the Patent Office, and allegations thereof are truly immaterial if not impertinent also. The allegations of the pleadings should be restricted to matters bearing on appellee's *right to register* and actual or potential damage to appellant *from registration.* The existence of copyright, copyright registration, and property rights derived therefrom may be relevant to these matters, but allegations of copyright infringement and unfair competition, which are intermingled with such statements of fact and law in the present pleadings, are not.

■ In this case appellant's pleadings go far beyond allegations of likelihood of confusion, etc., bearing on the issue of likelihood of damage, or actual damage, from registrations of appellee's trademark, and we agree with the board that it has no jurisdiction over the issues raised by appellant's pleadings insofar as they allege copyright *infringement, unfair competition,* and the like. The latter was expressly held with respect to our jurisdiction in a trademark opposition, White Co. v. Vita-Var Corp., 182 F.2d 217, 221–222, 37 CCPA 1039, 1044 (1950), and the former is clearly the intended meaning of 28 U.S.C. § 1338 (a). However, we do not wish to be

read as holding that the board is thereby precluded from passing on the validity of a copyright if it is necessary to do so in the course of the exercise of its statutory jurisdiction, as it may very well be in this case. Compare American Novawood Corp. v. U. S. Plywood-Champion Papers, Inc., 426 F.2d 823, 827, 57 CCPA 1276, 1280–1281 (1970) ("Because one decision the board must make is the same as would be made by a court of general jurisdiction in an infringement suit does not mean it is precluded from making it."). Although 28 U.S.C. § 1338(a) provides that the federal district courts' original jurisdiction over copyright actions "shall be exclusive of the courts of the states," the state courts clearly may pass on the validity of a copyright if it is necessary to do so in the course of deciding a case over which they do have jurisdiction. Nimmer on Copyright § 131.11, "Jurisdiction of Claims Based Upon or Relating to Statutory Copyright" (1971); Amdur, Copyright Law and Practice, Chapt. XXV, "The Proper Tribunal," § 11, "State jurisdiction: Incidental question of statutory copyright" (1936). The Bureau of Customs, another federal administrative agency, apparently has similar authority in the exercise of its statutory authority. See 17 U.S.C. §§ 106–109.

■ For the foregoing reasons, we agree with the board that appellant's pleadings raise issues over which the board has no jurisdiction and that the portions relating thereto should be stricken. However, appellant has also alleged that use of appellee's mark sought to be registered and registered is "calculated to cause confusion in the marketplace with respect to origin of the goods, the relationship of appellee to appellant's goods, and the relationship of appellant to appellee's goods" (paragraph 25, as reproduced supra). We have held that appellant may rely on the

and, if so, whether appellee's use of its mark on the goods recited in its application and registrations is likely to cause confusion, mistake, or deception. While

we intimate no opinion on the latter issue, it is certainly not a foregone conclusion that the board will find in appellant's favor.

**510**

copyrighted appearance of its goods as the basis for this assertion, and much of the stricken pleadings is relevant to that assertion. Accordingly, we *reverse* the board insofar as it held that portions of the pleadings relevant to the likelihood-of-confusion issue should be stricken.

### Summary

I. Though the decision of the Trademark Trial and Appeal Board finally disposed of less than all of the pleaded bases for relief, the issues decided were substantial and separate and distinct from those remaining. The decision appealed from was, therefore, a final decision, and this court has jurisdiction over this appeal.

II. We *affirm* the decision of the board insofar as it struck portions of appellant's pleadings charging copyright infringement and unfair competition, but *reverse* the decision of the board insofar as it struck portions of appellant's pleadings relating to its charges that confusion, mistake, or deception is likely to result from appellee's alleged use of a representation of appellant's copyrighted doll as its trademark or that registration of the mark may otherwise damage appellant. Because portions of appellant's pleadings relating to these three separate issues are hopelessly intermingled, we remand to allow appellant to replead in light of this opinion.

Modified and remanded

BALDWIN, Judge (concurring).

I am in full agreement with the foregoing opinion. With regard to the question involving our jurisdiction over this appeal, I further note that Rule 2.117(a) of the Trademark Rules of Practice adopts the Federal Rules of Civil Procedure "wherever considered applicable and appropriate" in inter-partes cases. The case before us seems to present a classic situation for invoking F.R.Civ.P.

Rule 54(b), since it involves a final, substantive decision on fewer than all of appellant's claims, and there is no apparent reason for delay. I think that a decision by the Trademark Trial and Appeal Board as to whether a particular issue is ripe for appeal would be highly desirable. In view of the great progress that Rule has engendered in dealing with the problems of "finality,"[1] no reason is apparent why it could not be adopted in the type of case before us.

---

1. See Garrett v. United States, 407 F.2d 146, 150–151 (8th Cir. 1969) ; Wright, Law of Federal Courts, § 101, at p. 454 (2d ed. 1970).