Stanford I. FEIGELMAN and Eugene Aristoff, Appellants,

v.

John W. MYERS and William C. Lanning, Appellees.

Patent Appeal No. 9203.

United States Court of Customs and Patent Appeals.

April 26, 1973.

Jacques M. Dulin, Molinare, Allegretti, Newitt & Witcoff, Chicago, Ill., for appellants.

L. Malcolm Oberlin and Louis N. French, Young & Quigg, Washington, D. C., for appellees.

PER CURIAM:

Appellees have filed a motion to dismiss this appeal on the ground that it is interlocutory in nature and therefore not within the jurisdiction of the court. The motion is opposed by appellants. We grant the motion to dismiss.

In Myers v. Feigelman, 455 F.2d 596, 59 CCPA 834 (1972), this court reversed the decision of the Board of Patent Interferences and remanded the case to the board for consideration of the suppression and concealment issue which had been properly before the board, but had not been resolved. Remand was "to allow the board to make a fully focused inquiry into this difficult question." Appellants filed a motion with the board asking for a reopening of the testimony period. This appeal is on the denial of that motion by the board.

Appellants urge that the board's refusal to reopen the testimony period constitutes a failure to comply with the court's mandate. That position is devoid of merit. The court only required the board to resolve the issue it had not ruled on previously. The court's opinion does not suggest that appellants were entitled to introduce additional evidence into the record. There is no indication that appellants were to be placed in a better position than they would have been in had the board resolved the issue earlier, as it could have, on the record before it.

We agree with appellees that this appeal does not arise out of a final decision of the board. See Knickerbocker Toy Co. v. Faultless Starch Co., 467 F.2d 501, 59 CCPA —— (1972). The appeal is accordingly dismissed. It is so ordered.