SCOA INDUSTRIES, INC., Appellant,

v.

KENNEDY & COHEN, INC., Appellee.

Patent Appeal No. 76–599.

United States Court of Customs
and Patent Appeals.

March 4, 1976.

A. Yates Dowell, Jr., Dowell & Dowell, Arlington, Va., for appellant.

Alpheus E. Forsman, Donald A. Kaul, Roylance, Abrams, Berdo & Kaul, Washington, D. C., for appellee.

RICH, Judge.

This is a trademark cancellation proceeding pending before the Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (TTAB) involving appellant's petition to cancel a registration held by appellee and appellee's counterclaim to cancel the registration relied on by appellant in support of its petition. There has been no decision on the merits.

Before the TTAB, petitioner-appellant moved to dismiss the counterclaim and to strike appellee's answer to the petition. The TTAB granted the motion to dismiss the counterclaim and denied the motion to strike the answer, in an opinion reported at 188 USPQ 411 (TTAB 1975). Pertinent here is the fact that the petition and the counterclaim contained substantially identical charges and countercharges that each party had obtained its registration by so-called

fraud on the PTO. The basis of each of these charges was that each applicant for registration had falsely sworn, in the standard declaration prescribed in trademark registration applications, that

> * * * no other person, firm, corporation, or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion or cause mistake or to deceive; * * *.

In the course of considering appellee's counterclaim to cancel appellant's registration, which contained allegations of so-called fraud paralleling petitioner's allegations (a "pot calling the kettle black" situation), the TTAB came to the conclusion, for reasons we need not go into, that the allegations of fraud by both parties failed to state claims upon which relief could be granted. It therefore granted the motion to dismiss the counterclaim (having found the other allegations therein also deficient) and further, *sua sponte*, struck from appellant's petition the paragraphs therein (3, 4, 10, 11, and 12) relating to fraud, citing as authorization Rule 12(f)[1] of the Federal Rules of Civil Procedure.

Appellant requested reconsideration of so much of the board decision as struck its allegations of fraud, which was opposed by appellee, and in a second opinion the TTAB adhered to its decision. In doing so, answering contentions of appellant as to the materiality of appellee's intent and motive or purpose in adopting its mark, the TTAB said that

> * * * petitioner is not precluded thereby from presenting evidence during its testimony period, in the event that this proceeding goes forward, relating to respondent's motive in adopting its involved mark. [Authorities cited.]

In the same opinion it granted respondent's motion to suspend the proceedings before the board because of a pending civil action between the parties, concluding its opinion by saying:

> In the event that the final determination of the civil suit is not dispositive of this case, proceedings will be resumed and petitioner will be allowed a sufficient time in which to *perfect* its pleading of fraud. [Emphasis ours.]

This appeal was taken by appellant from only that portion of the TTAB's decision on motions which struck allegations of fraud from its petition to cancel appellee's registration. Appellee has taken no appeal from the TTAB's rulings against it but has filed a motion to dismiss this appeal on the ground that this court is without jurisdiction under section 21 of the Trademark Act (15 U.S.C. § 1071) because the interlocutory ruling appealed from is not a "decision" within the meaning of that statute. Both parties have filed briefs on this motion.

On the same day that appellant filed its reply to appellee's brief in support of the motion to dismiss the appeal, January 12, 1976, appellant filed a motion entitled "MOTION FOR SUMMARY JUDGMENT" asking us to reverse, on the merits, the action of the TTAB striking the fraud allegations from its petition to cancel.

It is to the disposition of these two motions that we now direct our attention.

## OPINION

Our jurisdiction is governed by section 21 of the Trademark Act, 15 U.S.C. § 1071, as amended:

> (a)(1) * * * [A] party to a cancellation proceeding * * * who is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, may appeal to the Unit-

---

1. Made applicable to proceedings before the Trademark Trial and Appeal Board by 37 CFR 2.116. Rule 12(f) provides:

    (f) *Motion to Strike.*
    Upon motion made by a party before responding to a pleading or * * * upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

ed States Court of Customs and Patent Appeals * * *.

Appellant's dissatisfaction is evident. The sole issue before us on appellee's motion to dismiss is whether the action of the board complained of is a "decision" within the meaning of section 21.

As a general proposition, the term "decision" in section 21 has been construed as not including rulings in interlocutory matters by the TTAB. *Knickerbocker Toy Co. v. Faultless Starch Co.,* 467 F.2d 501, 59 CCPA 1300, 175 USPQ 417 (1972), and cases cited therein. "The term 'decision' when used in [the] context [of § 21] means a dispositive decision in which a right has been adjudicated." *United States Treasury v. Synthetic Plastic Co.,* 341 F.2d 157, 52 CCPA 967, 144 USPQ 429 (1965). Ordinarily, orders striking portions of pleadings are considered to be interlocutory and unappealable. See, e. g., *Donovan v. Hayden, Stone, Inc.,* 434 F.2d 619 (6th Cir. 1970). In *Knickerbocker,* supra, however, the circumstances impelled this court to hold appealable an order by the TTAB which struck portions of a cancellation petition. The stricken matter concerned Knickerbocker's claim that Faultless, by using a representation of a rag doll as a trademark on various laundry products and by being permitted to maintain registrations of the mark, infringed and diminished the commercial value of Knickerbocker's copyright in a stuffed rag doll entitled "Raggedy Ann," to the damage of Knickerbocker. Knickerbocker also alleged it owned a registration of RAGGEDY ANN for stuffed rag dolls and asserted a claim under section 2(d) of the Trademark Act alleging that Faultless' concurrent use of its mark would cause confusion in the marketplace; these allegations were not stricken. The court found, based on a "practical construction" of the final judgment rule, that the stricken allegations related to issues that were substantial and separate and distinct from those raised by the cause of action left undecided by the ruling on the motion to strike. The court accordingly held that the board's ruling was a final decision over which it had appellate jurisdiction under section 21.

Here, however, it is clear from the pleadings that any resolution of the fraud claim asserted by appellant is inextricably bound to the determination of which party first used its mark and whether the concurrent use of the marks would be likely to cause confusion or mistake or to deceive. The issues attempted to be raised by the stricken allegations simply are not separate and distinct from those raised by the remaining allegations in the petition. A ruling by us on the propriety of the board's ruling would not be "fundamental to the further conduct of the case," *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–54, 85 S.Ct. 308, 312, 13 L.Ed.2d 199, 204 (1964), and would not promote justice by cutting off delay since this case is in suspension before the TTAB awaiting the outcome of a civil action which may eliminate the necessity of continuing the cancellation proceedings altogether. We do not believe that the present circumstances are sufficiently exigent to justify suspending the final judgment rule and the policy against piecemeal review which it implements. Thus, this case is clearly distinguishable on its facts from *Knickerbocker.*

We hold, therefore, that the action of the TTAB in striking allegations from appellant's petition is not an appealable "decision," and the motion to dismiss the appeal is granted.

We now turn to appellant's "MOTION FOR SUMMARY JUDGMENT," which was allegedly filed under Rules 5.12(b), (c), and (d) of this court. We shall treat it as a motion for summary reversal of the ruling by the TTAB of which appellant complains. Justice requires that pleadings and motions be construed with a view to the substance of the matters presented therein. Decisions based on technicalities such as the caption on a motion will be avoided if the court can comprehend the basis of the motion and deal with it fairly. See *McGarr v. Hayford,* 52 F.R.D. 219 (S.D. Cal.1971). Although our rules do not specifically provide for the summary disposition of appeals on motion, we find that appellant's motion for summary judgment requests the same relief in

substance as the motion for summary reversal entertained and granted by us in *United States v. Consolidated Merchandising Co.,* 527 F.2d 640, 63 CCPA ——, C.A.D. 1164 (1976), and we will consider it as such. Thus considered, appellant would have us pass on the merits of the TTAB action striking portions of appellant's pleading. Our decision on appellee's motion to dismiss this appeal for want of appellate jurisdiction necessarily puts it beyond our power to pass on the merits of the board's action on this appeal. Appellant's motion is, therefore, denied.

### Conclusion

Appellee's motion to dismiss the appeal is *granted.*

Appellant's motion "for summary judgment" is *denied.*

*Appeal dismissed.*