**AERCO INTERNATIONAL,
INC., Appellant,**

v.

**VAPOR CORPORATION, Appellee.**

**Appeal No. 79–608.
Opposition No. 60,832.**

United States Court of Customs,
and Patent Appeals.

Nov. 6, 1979.

Robert Neuner, Melvin C. Garner, Brumbaugh, Graves, Donohue & Raymond, New York City, for appellant.

Raymond I. Geraldson, Jr., Pattishall, McAuliffe & Hofstetter, Chicago, Ill., for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Judges.

### On Motion to Dismiss

RICH, Judge.

This is a trademark opposition brought by appellee, Vapor Corporation (Vapor). Appellant, Aerco International, Inc. (Aerco), filed an answer to the notice of opposition and thereafter, before any discovery or testimony was made or taken, filed a motion to amend its answer to include a counterclaim for cancellation of the registration Vapor relied on. The Trademark Trial and Appeal Board (TTAB) denied the motion. Aerco filed this appeal. Vapor now moves this court to dismiss the appeal. For the reasons which follow, that motion is granted.

### Background

Aerco has applied for registration of MODUMATIC for hot water boilers and steam generators, application serial No. 128,165, filed May 26, 1977, claiming first use March 15, 1977. Vapor opposes on the basis of prior use of MODULATIC on steam generators and boilers and also pleads ownership of registration of that mark for "gas and oil fired automatic steam generators of the coiled water tube type," Reg. No. 615,-782 of November 8, 1955, which is "valid and subsisting and is incontestable in accordance with the provisions of the Lanham Act (15 U.S.C. 1065, 1115(b)) * * *."[1]

The ground alleged in support of Aerco's effort to cancel Vapor's registration is that Vapor had obtained an "invalid" amendment of its registration under Section 7(d) of the Lanham Act, 15 U.S.C. 1057(d), changing the display of its registered mark from MODULĀTIC to MODULATIC, and that the alteration (mere omission of the macron over the A) caused abandonment of the mark as originally displayed, thus making Aerco's use of MODULATIC prior to Vapor's use of its *registered* mark in its amended form.[2]

By order of February 22, 1979, the TTAB denied Aerco's motion to amend its answer, holding that:

> The acceptance of an amendment [to the display of a registered mark] is solely within the discretion of the Commissioner and the Board may not review the actions of the Commissioner to determine its [sic] correctness in the absence of an allegation by applicant of fraud. Accordingly, applicant's proposed counterclaim to cancel on the grounds that the amendment under Section 7(d) was invalid [because

---

1. Section 1065 is the one which provides that the registrant's *right to use* the mark becomes "incontestable" after 5 consecutive years of continuous use following registration, with certain exceptions, and section 1115(b) provides that in such case the registration shall be conclusive evidence of the registrant's *exclusive right to use*, with certain exceptions. Neither section says the *registration* shall be "incontestable." The section of the statute dealing with petitions to cancel registrations on the principal register is § 1064, wherein the five-year time restraint on such petitions will be found.

2. Aerco's claim that the amendment was "invalid" is apparently based on the theory that the amendment was contrary to law because the change materially altered the mark, contrary to § 7(d). It further contends that the amendment, being within five years, gives it the right to petition for cancellation under § 1064 (see note 1) notwithstanding the registration issued in 1955.

contrary to the statute] and that opposer has abandoned the originally registered "MODULATIC" mark [which included the macron over the A] does not state any claim upon which relief can be granted and is legally insufficient.

Aerco seeks to appeal this order to this court on the grounds that the decision of the TTAB is in error, is a final determination on the issue of cancellation of Vapor's registration with res judicata effect, and has damaged appellant.

Vapor moves to dismiss this appeal on the ground that the order appealed from is not a final judgment but interlocutory, and is thus not "a decision of the * * * Trademark Trial and Appeal Board" within the meaning of § 21 of the Lanham Act, 15 U.S.C. 1071, which governs appeals to this court from the TTAB.

### Aerco's Position

As is apparent, Aerco's position is that the order of the TTAB which it wishes us to review is final for purposes of the "final judgment rule" even though it has not terminated the litigation between the parties in the TTAB.

Specifically, Aerco asserts that the TTAB decision might have a res judicata effect on the issue of its right to cancel Vapor's registration under 15 U.S.C. 1064 and thus, in finally deciding this right, is directly appealable to this court, notwithstanding the fact that the order does not finally terminate the entire controversy before the TTAB.

In support of its position, Aerco cites decisions of this court interpreting the "final judgment rule" in which appeals of an interlocutory nature were held to be final for purposes of immediate appeal, including *Knickerbocker Toy Co. v. Faultless Starch Co.*, 467 F.2d 501, 59 CCPA 1300, 175 USPQ 417 (1972), and *Toro Co. v. Hardigg Industries, Inc.*, 549 F.2d 785, 193 USPQ 149 (Cust. & Pat.App.1977). In these cases, this court held that certain pleadings in oppositions were separate and distinct from the remainder of the pleadings, thus allowing immediate appeals from decisions of the TTAB eliminating these pleadings from the oppositions. Aerco then argues that opposition and cancellation proceedings are separate and distinct, encompassing different issues, and notes that the main issue pressed in its proposed counterclaim for cancellation—abandonment by Vapor of its original mark—cannot even be raised in the opposition.

In addition, Aerco relies on *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). In that case, which has been called "The sharpest departure from traditional notions of finality,"[3] the Court urged a "practical rather than a technical construction" of the final judgment rule, and set forth criteria for the evaluation of close questions involving the rule. Aerco urges that the order sought to be appealed passes the test formulated by the Court, wherein "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other" must be balanced. 379 U.S. at 152–53, 85 S.Ct. at 311. We would add, however, that a further factor mentioned by the Court, in affirming the Court of Appeals' decision that an order before it was appealable, was that the appealed ruling was "fundamental to the further conduct of the case." *Id.* at 154, 85 S.Ct. at 312.

### OPINION

■ Although proceedings in this court are not governed by the statutory final judgment rule as embodied in 28 U.S.C. 1291, which is applicable only to the United States Courts of Appeal, we have interpreted our jurisdictional statutes, 15 U.S.C. 1071 and 35 U.S.C. 141, in harmony with the spirit of § 1291 by interpreting the word "decisions," appearing in both of our jurisdictional statutes, to mean only *final decisions*, in accord with the general policy of federal courts to avoid piecemeal review. *SCOA Industries, Inc. v. Kennedy & Cohen, Inc.*, 530 F.2d 953, 954–55, 189 USPQ 15, 16

---

3. C. Wright, *Law of Federal Courts* § 101 at 511 (3d ed. 1976).

(Cust. & Pat.App.1976) (interpreting 15 U.S.C. 1071); *Feigelman v. Meyers*, 476 F.2d 1375, 177 USPQ 530 (Cust. & Pat.App. 1973) (interpreting 35 U.S.C. 141).

■ Using the criteria set forth in *Gillespie*, supra, we find no reason to make an exception to the final judgment rule in this case. Resolution of the issue of Aerco's right to counterclaim in the opposition for cancellation of Vapor's registration is not fundamental to the further conduct of the opposition, which could well be decided on the basis of Vapor's common law rights to its mark without regard to the registration.

Furthermore, *Gillespie* authorizes departure from the final judgment rule in cases where there is a danger of *denying* justice by delay. In this case, we see *no* such danger. The fact that Aerco will have to wait until the final outcome of the opposition, if it loses in the TTAB, to appeal the refusal of permission to amend its answer to assert the cancellation counterclaim does not present a potential for *denial* of justice

through delay. We can see no turn of events over the passage of time which will work to deny justice to Aerco. The parties, the marks, the issues, the evidence, in short, all of the circumstances surrounding Aerco's proposed counterclaim will remain unchanged and may be presented at an appropriate time in the normal course of the appeal process. The mere fact of delay is not a sufficient reason to interrupt the orderly flow of the opposition proceedings.

For the above reasons, appellee's motion is granted and the appeal is hereby *dismissed.*

*DISMISSED*

MILLER, J., concurs in the result.