**CHAMPION PRODUCTS, INC.,**
Appellant,

v.

**The OHIO STATE UNIVERSITY,**
Appellee.

**Appeal No. 80–518.**

United States Court of Customs
and Patent Appeals.

Feb. 7, 1980.

---

mark Office (PTO) Trademark Trial and Appeal Board (board) striking certain allegations of its Notice of Opposition. Ohio State University (Ohio State) moves to dismiss the appeal for want of our jurisdiction to review interlocutory rulings. We grant the motion.

## Background

Ohio State applied for registration of OHIO STATE as a service mark for sporting exhibitions, recreational programs, dramatic and musical events, and college level education courses, and BUCKEYES for some of the same services, alleging use since May 1, 1878. Champion opposed both applications, alleging use of those terms on T-shirts, jackets, and sweat shirts promoted and sold at sporting events and recreational programs since December 1934.[1] The board granted the parties' request for consolidation.

As grounds for opposition, Champion asserted, inter alia, that Ohio State (1) abandoned, by acquiescence, rights in the instant terms as trademarks, (2) was damaging Champion by (a) excluding from University bookstores goods bearing University-identifying marks unless licensed by the University, (b) deciding to aggressively enforce rights in the terms as trademarks, and (c) planning to use the registrations it seeks in harassing Champion and its customers, and (3) is estopped by acquiescence and laches from asserting rights to OHIO STATE and BUCKEYES as trademarks against Champion. On motion of Ohio State, the board struck those allegations, as irrelevant to Ohio State's right to register its service marks and as improper grounds for opposition.[2]

Allegations that Ohio State's marks are geographically descriptive and merely descriptive of the University, and that Ohio State has abandoned all rights it may have had in the service marks, remain in the pleadings.

John R. Schovee, Schovee & Boston, Rochester, N. Y., for appellant.

Sidney W. Millard, Millard, Cox & Smith, Columbus, Ohio, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Judges.

MARKEY, Chief Judge.

Champion Products, Inc. (Champion) appeals from rulings of the Patent and Trade-

1. Opposition Nos. 57,516 and 57,517.

2. Four decisions of the board relating to Ohio State's motion to strike were rendered on July

## Issue

The sole issue is whether the board's rulings to strike are appealable.

## OPINION

Our jurisdiction is governed by Section 21 of the Trademark Act of 1946, as amended, (Act), 15 U.S.C. § 1071, which provides, in relevant part:

> [A] party to an opposition proceeding * * * who is dissatisfied with the *decision* of the * * * Trademark Trial and Appeal Board, may appeal to the United States Court of Customs and Patent Appeals. [Emphasis added.]

█ As a general rule, "decision" means a final dispositive ruling that ends litigation on the merits. *Stabilisierungsfonds Fur Wein v. Zimmerman-Graeff KG*, 198 USPQ 154, 155 (CCPA 1978); *Toro Co. v. Hardigg Industries, Inc.*, 193 USPQ 149, 153, 549 F.2d 785, 788 (CCPA 1977); *SCOA Industries, Inc. v. Kennedy & Cohen, Inc.*, 189 USPQ 15, 16, 530 F.2d 953, 955 (CCPA 1976). Although orders striking some but not all of a party's pleadings are normally considered interlocutory and unappealable,[3] *Stabilisierungsfonds Fur Wein v. Zimmerman-Graeff KG, supra* at 155–56, appeal has been permitted where two criteria are met: (1) the stricken allegations raise issues separate and distinct from those raised by remaining allegations; and (2) where the goal of judicial economy would be served, *Toro Co. v. Hardigg Industries, Inc., supra*, 193 USPQ at 153, 549 F.2d at 788; *Knickerbocker Toy Co. v. Faultless Starch Co.*, 467 F.2d 501, 507, 59 CCPA 1300, 1306–07, 175 USPQ 417, 421–22 (1972).

█ The stricken allegations satisfy the "separate and distinct" criterion because they bear no relationship to the remaining allegations of descriptiveness and abandonment-of-all-rights. The second criterion, respecting judicial economy, is not met.

The primary factors in determining whether judicial economy would be served

are (1) whether the inconvenience and costs of piecemeal review are outweighed by the danger of denying justice by delay, and (2) whether a decision on the appealed ruling is fundamental to further conduct of the case. *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–311, 13 L.Ed.2d 199 (1964). Neither factor dictates review here. The position of Champion is indistinguishable from that of the appellant in *Stabilisierungsfonds Fur Wein v. Zimmerman-Graeff KG, supra*, which was denied review of a board decision striking allegations relating to Section 2(e)(2) of the Act, 15 U.S.C. § 1052(e)(2), from a Notice of Opposition.

Departures from the general requirement of finality being permitted only in exigent circumstances, *SCOA Industries, Inc. v. Kennedy & Cohen, Inc., supra*, 189 USPQ at 17, 530 F.2d at 955, prior decisions permitting appeal should be read narrowly. Those in which appeal from board decisions to strike some pleadings has been permitted are readily distinguishable.

In *Toro Co. v. Hardigg Industries, Inc., supra*, a critical factor was the striking of a claim of res judicata. This court stressed that "[t]o force the same parties, even potentially, through a complete trial in a second proceeding involving the same marks and issues would be to nullify the judicial economy residing in our decision on the earlier appeal and defeat the goal of finality of litigation sought by the doctrine of res judicata." *Id.*, 193 USPQ at 153, 549 F.2d at 788. The stricken pleadings in the present case recite no trial avoidance theories.

In *Knickerbocker Toy Co. v. Faultless Starch Co., supra*, the stricken pleadings recited copyright infringement, an issue not within the jurisdiction of the board. Striking of such pleadings would not normally warrant immediate appeal. However, the improper pleadings at issue in *Knickerbocker* were "hopelessly intermingled" with pleadings that raised otherwise proper is-

30, 1976; November 9, 1976; April 9, 1979 and September 11, 1979.

**3.** That view prevails in the Circuit Courts of Appeals as well. *See Ryan v. Occidental Petro-*

*leum Corp.*, 577 F.2d 298 (CA5 1978); *Donovan v. Hayden, Stone, Inc.*, 434 F.2d 619 (CA6 1970).

sues. Acceptance of the appeal, an analysis of appellant's pleadings, and a remand to allow repleading in light of this court's opinion promoted judicial economy by avoiding the conduct of a board proceeding that would have been flawed *ab initio.* No similar circumstances are found in the present case.[4]

Accordingly, it is ORDERED that Ohio State's MOTION TO DISMISS APPEAL is granted without prejudice to Champion's right to appeal from the instant board decisions at the conclusion of proceedings below.

DISMISSED.

**4.** *Gillespie v. United States Steel Corp., supra,* is also distinguishable. In *Gillespie,* the administratrix of a deceased seaman sued a shipowner-employer to recover damages for the seaman's death, claiming recovery for herself and the decedent's brother and sisters under the Jones Act and the Ohio wrongful death statute. The district court struck those portions of the complaint referring to the state statute and recovery for the brother and sisters. In holding the strike order appealable, the Supreme Court noted that "delay of perhaps a number of years in having the brother's and sisters' rights determined might work a great injustice on them, since the claims for recovery for their benefit have been effectively cut off so long as the District Judge's ruling stands." *Id.*, 379 U.S. at 153, 85 S.Ct. at 311. In the present case, the board's rulings cut off no party from relief and no injustice will result from delaying review.