**TENNECO RESINS, INC. and Tenneco Eastern Realty, Inc., Appellants,**

v.

**REEVES BROTHERS, INC., Appellee.**

**Appeal No. 84–973.**

United States Court of Appeals, Federal Circuit.

June 5, 1984.

Caspar C. Schneider, Jr., New York City, for appellants.

S. Leslie Misrock, New York City, for appellee.

## ORDER

RICH, Circuit Judge.

Before us is a motion to dismiss Appeal No. 84–973 because it is not from a final decision under 28 U.S.C. § 1295(a)(1). Appeal was filed by Tenneco Resins, Inc. and Tenneco Eastern Realty, Inc. (Tenneco) from an order of the United States District Court for the District of Maryland, dated February 22, 1984. The motion to dismiss has been filed by Reeves Brothers, Inc. (Reeves). The motion to dismiss is denied.

### Background

Tenneco sued Reeves for infringement of its patent No. 3,874,988 ('988 patent) and Reeves counterclaimed for invalidity of the '988 patent, infringement of Reeves patent No. 3,325,573 ('573 patent), and interference between its '573 patent and Tenneco's patent No. 3,476,845 ('845 patent). Tenneco moved the district court to allow amendment of its reply to the second and third counterclaims of Reeves. The purpose of the motion was to allow Tenneco to allege the affirmative defenses of invalidity and unenforceability of the Reeves '573 patent. The district court denied Tenneco's motion to amend because Tenneco's delay in attempting to assert these defenses was "not excusable" and because "the interests of justice and the equities of the case dictate that Tenneco's motion should be denied." Tenneco has appealed to this court the order of the district court, entered February 22, 1984, denying its motion to amend its reply to the counterclaims. The motion before us is Reeves' motion to dismiss Tenneco's appeal as not from a final decision within 28 U.S.C. § 1295(a)(1).

Tenneco pleads two related but independent bases for this court's jurisdiction, which are recognized expansions of the final judgment rule, known as the "collateral order" doctrine and the "Gillespie rule," established by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and, *Gillespie v. United States Steel*

*Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Both bases have been acknowledged by this court or one of its predecessor courts as a source of jurisdiction, *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 218 USPQ 577 (Fed.Cir.1983) (collateral order doctrine), and *Knickerbocker Toy Co., Inc. v. Faultless Starch Co.*, 467 F.2d 501, 59 CCPA 1300, 175 USPQ 417 (1972) (Gillespie rule).

The Supreme Court, in addressing the conditions necessary under the collateral order doctrine, most recently stated:

> [A] trial court must at a minimum, meet three conditions. First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must "be effectively unreviewable on appeal from a final judgment."

*Flanagan v. U.S.*, — U.S. —, —, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting from *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

■ Reeves does not actively contest that Tenneco has met the first two of these conditions. Rather, Reeves directs its argument to Tenneco's failure to meet the third criterion, i.e., "effectively unreviewable on appeal." Reeves contends that Tenneco will *eventually* be able to take an *effective* appeal, on the issue of abuse of discretion of the district court in not granting its motion to amend, after final judgment on the remaining issues, infringement and interference.

We agree with Reeves that Tenneco does not meet the third condition of the collateral order doctrine as Tenneco is not barred from *ever* receiving an *effective* review upon appeal. Tenneco will be able to raise this issue on appeal after the district court decides the remaining issues.

■ Reeves also asserts the existence of a fourth condition, citing *Nixon v. Fitzgerald*, 457 U.S. 731, 742, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982), which states, "a collateral appeal of an interlocutory order must 'presen[t] *a serious and unsettled question.*'" (Emphasis ours.) We do not agree with Reeves that this is a mandatory condition. In *Nixon*, this condition is listed as an "additional requirement" and is not even mentioned by the Supreme Court in either *Coopers* or *Flanagan*. We hold that it is a discretionary condition, which we need not address as Tenneco has failed to meet the third mandatory condition. Accordingly, Tenneco cannot use the collateral order doctrine as a basis for jurisdiction in this court.

■ In the alternative, Tenneco alleges that the Gillespie rule establishes jurisdiction. In *Gillespie*, the Court interpreted 28 U.S.C. § 1291 to allow for the exercise of immediate appellate jurisdiction where the effect of the order was "fundamental to the further conduct of the case." 379 U.S. at 154, 85 S.Ct. at 312. The plaintiff in *Gillespie* was the mother of a seaman who drowned while working on defendant's ship. She brought suit in federal court under the Jones Act and the Ohio wrongful death statute on behalf of herself and the decedent's brother and sisters. The district court held the Jones Act to be plaintiff's exclusive remedy, striking all references in the complaint to Ohio law and dismissing the claims brought on behalf of the decedent's brother and sisters. The sixth circuit accepted an immediate appeal under § 1291, concluding that to do so would save time and judicial resources. In affirming, the Supreme Court stated:

> [O]ur cases long have recognized that whether a ruling is "final" within the meaning of § 1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the "twilight zone" of finality. Because of this difficulty this court has held that the requirement of finality is to be given a "practical rather than a technical construction." ... [I]n deciding the question of finality

the most important competing considerations are "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."

379 U.S. at 152–53, 85 S.Ct. at 311.

The Court set forth two criteria to be followed in determining whether the order striking pleadings, an action normally interlocutory and unappealable, should be considered sufficiently "final" to permit appellate review: (1) do the stricken allegations raise issues separate and distinct from those raised by the remaining allegations; and (2) will the goal of judicial economy be served? 379 U.S. at 152–54, 85 S.Ct. at 310–12, *Knickerbocker Toy, supra,* 467 F.2d at 507, 59 CCPA at 1306, 175 USPQ at 422.

While we recognize that the issues of infringement, interference, validity, and unenforceability, when applicable, are normally addressed together, they are distinct and separate issues. By denying Tenneco's motion to amend its reply to Reeves' counterclaims the district court has, in effect, ruled, for purposes of the remaining litigation, on the validity and enforceability of Reeves' '573 patent in favor of Reeves. We find the issues remaining before the district court to be sufficiently "separate and distinct" from the issues of its infringement and interference with Tenneco's '845 patent.

As to the second criterion, the CCPA in *Knickerbocker Toy* exercised jurisdiction over a decision of the Trademark Trial and Appeal Board (TTAB) granting a motion to strike "those portions of appellant's pleadings pertaining to appellant's copyright and damage thereto" in a trademark opposition and cancellation proceeding. The court found that the issues decided by the TTAB's striking of pleadings "were substantial and separate and distinct from those remaining" and fundamental to the further conduct of the case. It held the TTAB's decision was therefore "final".

Subsequent to *Knickerbocker Toy,* the CCPA again exercised its jurisdiction pursuant to *Gillespie* in *The Toro Company v. Hardigg Industries, Inc.,* 549 F.2d 785, 193 USPQ 149 (1977). *Toro* was a trademark opposition in which the notice of opposition alleged res judicata as one of its bases for sustaining the opposition. The TTAB ruled that the allegation of res judicata was inapplicable to the proceedings before it and granted Hardigg's motion, in effect striking the allegation of res judicata from the notice of opposition. The CCPA in accepting jurisdiction of the opposer's appeal from the TTAB's action stated:

Our ruling would, however, avoid the continuing pendency and possible conduct of an unnecessary and burdensome proceeding in the PTO. To force the same parties, even potentially, through a complete trial in a second proceeding involving the same marks and issues would be to nullify the judicial economy residing in our decision on the earlier appeal and defeat the goal of finality of litigation sought by the doctrine of res judicata.

549 F.2d at 788, 193 USPQ at 153.

Reeves argues that CCPA cases subsequent to those relied on by Tenneco, namely *Knickerbocker Toy* and *Toro,* "clearly do not support the present appeal" based on "this narrow rule" citing *Champion Products, Inc. v. Ohio State University,* 614 F.2d 763, 204 USPQ 833 (CCPA 1980) and *Aerco International, Inc. v. Vapor Corp.,* 608 F.2d 518, 203 USPQ 882 (CCPA 1979).

*Aerco,* cited by Reeves, is distinguishable on its facts. *Aerco* appealed the TTAB's denial of a motion to amend its answer in a trademark opposition to include a counterclaim for cancellation of the registration relied on by opposer, because the counterclaim did "not state any claim upon which relief can be granted and is legally insufficient." 608 F.2d at 520, 203 USPQ at 883. The CCPA, in granting Vapor's motion to dismiss the appeal, on its own peculiar facts, on the ground that the interlocutory order appealed was not a final judgment, stated:

Resolution of the issue of Aerco's right to counterclaim in the opposition for can-

cellation of Vapor's registration is not fundamental to the further conduct of the opposition, which could well be decided on the basis of Vapor's common law rights to its mark without regard to the registration.

608 F.2d at 521, 203 USPQ at 884.

The situation in *Champion* was similar to that in *Aerco*, where the CCPA found that judicial economy would not be served by allowing an appeal from a decision of the TTAB striking opposition pleadings which the TTAB had found "irrelevant to Ohio State's right to register its service marks and as improper grounds for opposition." 614 F.2d at 764, 204 USPQ at 834.

An important question before us is whether judicial economy would be served by allowing this appeal. While the affirmative defenses of validity and unenforceability against an asserted patent are technically separate and distinct, realistically they involve related if not identical evidence. In the words of *Knickerbocker Toy*, they are "hopelessly intermingled" with the remaining issues. The district court's denial presents the substantial possibility that an additional trial, requiring the parties to resubmit evidence previously presented, argued, and weighed by the district court, would be needed.

Issues as factually related as those involved here are fundamental to the further conduct of an ongoing litigation, within the meaning of *Gillespie*. The potential costs and wasted judicial resources of an additional trial on substantially the same evidence demands the application of *Gillespie* to the present motion.

Accordingly, it is ORDERED that Reeves' motion to dismiss this appeal is *denied*.

Appellants' time for filing a brief having expired during consideration of this motion, it is FURTHER ORDERED that appellants' brief be filed on or before July 20, 1984, further briefing to be according to Rule 13(g) of this court.