978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Miriam F. SIZEMORE, Plaintiff-Appellant,
v.
LIL PREAST SEWING AND DESIGNS COMPANY, Defendant-Appellee.
 No. 92-1178.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 10, 1992
Decided: November 12, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-439-R)
 W. Brown Morton, Jr., Warsaw, Virginia, for Appellant.
 Lil Preast Sewing and Design Company, Appellee.
 E.D.Va.
 Affirmed.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Miriam F. Sizemore appeals from the district court's order denying her motion to amend her complaint regarding copyright infringement to add James E. Preast, Jr., and Lil Preast as individual defendants.* We find that the appeal is without merit; consequently, we affirm.
 
 
 2
 In July 1989, Sizemore filed a complaint against Lil Preast Sewing & Designs Co. ("LPSDC") in federal district court, alleging that LPSDC infringed on her copyright for a pineapple flag. Granting Sizemore's motion for partial summary judgment, the district court held that LPSDC's violation of Sizemore's copyright was established and enjoined LPSDC from manufacturing, selling, or distributing flags with Sizemore's pineapple design. After a December 1989 hearing on the issue of damages, costs and attorney's fees, the court awarded Sizemore $1000 for statutory damages, $1038.97 for costs, and $10,000 for attorney's fees.
 
 
 3
 In January 1991, Sizemore filed a motion requesting an order requiring LPSDC, its successor, and Mr. and Mrs. James E. Preast, Jr., to show cause why they should not be charged with civil contempt for failing to comply with the 1989 order enjoining LPSDC from infringing on Sizemore's copyright. The district court issued a show cause order, and later denied Sizemore's motion for a contempt order.
 
 
 4
 In January 1992, Sizemore filed a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a) & (c), adding James E. Preast, Jr. and Lil Preast, the officers of LPSDC, as individual defendants in her lawsuit. The district court denied the motion on the grounds that too much time had passed from the initiation of the lawsuit to justify amendment of the complaint. Sizemore timely appealed.
 
 
 5
 Federal Rule of Civil Procedure 15(a) provides in part:
 
 
 6
 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 
 
 7
 (emphasis added). Sizemore filed her motion to amend the complaint long after LPSDC filed its answer; therefore, she could only amend her complaint by leave of the court or by consent of the adverse parties. Neither the potential individual defendants nor LPSDC consented to amendment of the complaint.
 
 
 8
 Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires,"motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988).
 
 
 9
 Sizemore initiated this copyright infringement action in July 1989, naming LPSDC as the sole defendant. However, she waited until January 1992-after judgment had been entered and damages assessed against LPSDC-to seek to amend the complaint to add James E. Preast, Jr. and Lil Preast as individual defendants. The district court did not abuse its discretion by finding this delay excessive.
 
 
 10
 Absent prejudice, undue delay is insufficient justification for denying a motion to amend. Deasy, 833 F.2d at 41. The Preasts would be prejudiced by amendment of the complaint at this late date, because even though they were involved in the case as LPSDC's officers, they did not have notice to prepare their own defenses. See Keller, 923 F.2d at 33-34 (mere awareness of lawsuit not sufficient to show that potential defendant will not be prejudiced in maintaining defense).
 
 
 11
 Because of the undue delay in filing the motion to amend the complaint and the prejudice to the Preasts if amendment were permitted, the district court did not abuse its discretion in denying the motion. Accordingly, we affirm the court's denial of the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Usually, an order denying a motion to amend a pleading would be deemed interlocutory and therefore would not be immediately appealable. Tenneco Resins, Inc. v. Reeves Bros., Inc., 736 F.2d 1508, 1510 (Fed. Cir. 1984). Because this order was issued after the district court had entered its final order on the merits, however, this Court has jurisdiction to review it