**R. G. BARRY CORPORATION,**
Opposer-Respondent,

v.

**MUSHROOM MAKERS, INC.,**
Applicant-Petitioner.

**Opposition No. 60346.**

United States Court of Customs and Patent Appeals.

Dec. 6, 1979.

Leslie D. Taggart, Watson, Leavenworth, Kelton & Taggart, New York City, for petitioner Mushroom Makers, Inc.

Watson, Cole, Grindle & Watson, Washington, D. C., for opposer R. G. Barry Corp.

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Judges.

BALDWIN, Judge.

Mushroom Makers, Inc. (Mushroom Makers) has filed a "Petition for Leave to Appeal" from a decision in an opposition by the Patent and Trademark Office Trademark Trial and Appeal Board (board) in Opposition No. 60,346. The board denied Mushroom Makers' motion for summary judgment which sought to dismiss the opposition. The Petition is denied.

## Background

The parties in this matter were litigants in a prior civil action involving the registered trademark MUSHROOMS (owned by the R. G. Barry Corp. (Barry)), as applied to women's shoes, sandals, and slippers, and the tradename and trademark MUSHROOM of Mushroom Makers as used in the promotion and sale of women's sportswear. *Mushroom Makers, Inc. v. R. G. Barry*

*Corp.*, 441 F.Supp. 1220, 196 USPQ 471 (S.D. N.Y.1977), *aff'd* 580 F.2d 44, 199 USPQ 65 (2d Cir. 1978), *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75, 200 USPQ 832 (1979). That case commenced as a suit by Mushroom Makers for declaratory judgment that its tradename and trademark did not infringe Barry's registered trademark.[1] Barry counterclaimed charging trademark infringement, unfair competition and false designation of the origin of Mushroom Makers' goods and therefore requested injunctive relief. The District Court held that the specific use of the mark MUSHROOM as applied to women's sportswear did not infringe Barry's mark and while noting that "[u]pon all the evidence, the likelihood of confusion is far from compelling," 441 F.Supp. at 1232, 196 USPQ at 482, the judge recognized that there exists "the latent potentiality that likelihood of confusion may with passage of time become a reality." *Id.* at 1234, 196 USPQ at 484. Because of that possibility and other equitable factors, Mushroom Makers was required to include on its products, in conjunction with the mark, a statement to the effect that it does not manufacture or sell shoes, slippers or sandals and is not associated with the makers of MUSHROOMS footwear. Barry's counterclaims were dismissed and the request for an injunction denied.

The Court of Appeals, in affirming the judgment and order of the District Court, nevertheless found (at least with regard to the word marks) "that likelihood of confusion was as a matter of law established." 580 F.2d at 48, 199 USPQ at 67. However, the Court additionally stated "that Mushroom Makers' interest in retaining the goodwill developed through concurrent use of an identical trademark far outweighs any conceivable injury to Barry; consequently we hold that the district court acted properly in denying the requested injunction." *Id.* at 49, 199 USPQ at 68.

---

1. Mushroom Makers conceded, for the purposes of the action in the District Court, that its mark and Barry's should be deemed identi-

cal. 441 F.Supp. at 1222 n.2, 196 USPQ at 473 n.2.

Mushroom Makers filed an application to register its MUSHROOM design mark.[2] Barry duly opposed the registration. Mushroom Makers filed a motion for summary judgment asking that the opposition be dismissed on the basis that the issue of likelihood of confusion regarding the design had been raised by Barry in the District Court in its answer, its counterclaim and in its proposed findings of fact and conclusions of law. The judge, it was argued, was therefore obliged to and did decide that the use of the design mark was not infringement and, in so deciding, held that the design marks were "different." Accordingly, Mushroom Makers asserts that res judicata should apply and the opposition should be dismissed.

Barry avers that the design mark was not in issue in the District Court.

The board, in a first opinion denying the request for summary judgment, indicated that in its view the question of likelihood of confusion between the respective design marks was not per se an issue in the District Court. In any event, the remark by the Court that the design marks were different was not of itself a finding of no likelihood of confusion.

In a second opinion, upon request for reconsideration, the board restated its denial of the motion for summary judgment and further stated with respect to our jurisdiction to review that ruling:

**2.** The record before us is unclear with respect to when this application for the MUSHROOM design mark was filed by Mushroom Makers. It is additionally unclear whether the application was that noted by the District Court:

> Mushroom Makers twice applied to the United States Patent and Trademark Office for registration of *Mushroom*, and each time was refused on the ground that the *Mushroom* mark was likely to cause confusion with Barry's mark.[4]

> 4 The first application for *Mushroom* was filed on August 22, 1975. It was refused on March 29, 1976 by the Patent Office and subsequently abandoned. The second application was filed on May 26, 1976 and was refused five months later. This application was suspended pending the resolution of this

It is noted that while as a general rule, the U.S. Court of Customs and Patent Appeals does not have jurisdiction over appeals from "non final" Board decisions or from interlocutory orders of the Board, the Court has taken jurisdiction over such matters where the situation was one where the goal of judicial economy would be served by allowance of the appeal. See *Toro Co. v. Hardigg Industries, Inc.*, 549 F.2d 785, 193 USPQ 149 (Cust. & Pat. App., 1977). The Court, in the *Toro* case, agreed to review a Board decision granting Hardigg's motion for partial summary judgment and denying Toro's motion for summary judgment on the grounds that in the Board's view, res judicata was inapplicable. The Court indicated that an early decision on res judicata would advance the goal of judicial economy, and the Court concluded that the res judicata claim was sufficiently distinct from the issue of likelihood of confusion to warrant the appeal. The Court cited the case of *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) for the proposition that a ruling on res judicata is among the class of matters considered to be fundamental to the further conduct of the case. Under the circumstances, then, *the Board hereby certifies this case as one that appears to be appealable to the U.S. Court of Customs and Patent Appeals on the issue of res judicata* in view of the court's rationale in the *Toro* case, supra.[3] [Emphasis ours.]

action. [441 F.Supp. at 1223, 196 USPQ at 474.]

**3.** So far as we are aware, this is the first time a PTO board has attempted to certify a case as appealable to the court. We note that 37 CFR 2.116 provides for use of the Federal Rules of Civil Procedure (FRCP) in inter partes proceedings at the board. FRCP Rule 54(b) indicates that "[w]hen more than one claim for relief is presented in an action" a "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon express direction for the entry of judgment." If the board is relying on the FRCP as support for certification, it need be pointed out that a final judgment is

## OPINION

■ The board is, for the most part, correct in its comment that this court will not take jurisdiction over appeals from "non final" board decisions or from interlocutory orders of the board.

■ *Toro v. Hardigg*, supra, was one of a series of cases in which this court discussed its interpretation of the jurisdictional statute in trademark cases.[4] This court has repeatedly stated that the word "decision" in the statute is to be read "final decision." Hence, the initial question to be resolved in any trademark case is whether the court has jurisdiction of the *res* of a case via the presence of a final decision. This amounts to the question: *Can* the court accept a particular case?

If that question can be answered in the affirmative, the court's discretion in accepting comes into play, i. e., *will* the court accept the appeal. It may be that the goal of judicial economy would be best served by a denial of appeal on a single finally decided issue and a remand for consideration of all points previously raised by the parties at the board. *See Stabilisierungsfonds Fur Wein v. Zimmermann-Graeff KG*, 198 USPQ 154 (CCPA 1978).

■ In *Toro v. Hardigg*, supra, the board granted a motion for partial summary judgment *striking* a claim of res judicata in the notice of opposition. This act provided a final decision regarding some of the rights of the parties and foreclosed any further argument concerning the particular claim. In view of the existence of that requisite final decision, jurisdiction of the *case* was accepted. The court exercised its discretion and resolved other *issues* in the case not directly related to the finally decided issue. Unlike the situation in *Toro v. Hardigg*, the board in the instant case *denied* a motion for summary judgment. Such an action merely provides for further consideration of the parties' arguments and does not, as such, provide the needed final judgment.

It should be clear that *Toro v. Hardigg* does not, and cannot, justify making an exception to the final judgment rule in this case.

## ORDER

Because the petition is not based on a final decision, this court will not entertain jurisdiction in the matter. Accordingly, the Petition for Leave to Appeal is *denied.*

---

nonetheless required. As disclosed in *SCOA Industries v. Kennedy & Cohen*, 530 F.2d 953, 189 USPQ 15 (Cust. & Pat.App.1976), the jurisdictional statutes of this court are in harmony with the statutory framework applicable to the United States Courts of Appeal (28 U.S.C. § 1291) in requiring a final judgment. See the discussion of 28 U.S.C. § 1291 vis-a-vis F.R.C.P. Rule 54 in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). As noted, infra, we see no such final judgment in this case.

**4.** 15 U.S.C. § 1071(a)(1) provides, in pertinent part:

An applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding * * * who is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, may appeal to the United States Court of Customs and Patent Appeals * * *.