**INTERNATIONAL ORDER OF JOB'S DAUGHTERS, Appellant,**

v.

**LINDEBURG & COMPANY, Appellee.**

**Appeal No. 82–572.**

United States Court of Customs and Patent Appeals.

Aug. 26, 1982.

Dennis L. Thomte, Zarley, McKee, Thomte, Voorhees & Sease, Omaha, Neb., for appellant.

Charles E. Townsend, Jr., George M. Schwab, Townsend & Townsend, San Francisco, Cal., for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

PER CURIAM.

Appellee, Lindeburg & Company (Lindeburg), has moved to dismiss the appeal on the ground that the court lacks jurisdiction to review a decision by the Patent and Trademark Office Trademark Trial and Appeal Board (board) granting a motion for partial summary judgment in a cancellation proceeding. We grant the motion.

*Background*

Lindeburg filed a petition to cancel a registration of appellant, International Order of Job's Daughters (Job's Daughters), for the trademark IYOB FILIAE and design.[1] The registration covers two classes of goods, viz, jewelry in Class 14 and paper goods in Class 16.

1. Registration No. 1,124,904, issued September 11, 1979. (The English translation of IYOB FILIAE is "Daughters of Job.")

Lindeburg moved for the entry of summary judgment cancelling the registration in its entirety "based upon the principles of *res judicata* and collateral estoppel," in view of the Ninth Circuit's decision in *International Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 208 USPQ 718 (C.A. 9 1980), *cert. denied*, 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956 (1981).

In that case, Job's Daughters had sued Lindeburg for unfair competition, alleging violation of common law trademark rights by Lindeburg's manufacture and sale of jewelry bearing the subject insignia of Job's Daughters.[2] Reversing the finding of infringement by the lower court, the Court of Appeals held that Job's Daughters had not met its burden of proving that a typical buyer of Lindeburg's merchandise would think that the jewelry was produced, sponsored, or endorsed by the organization.

After reviewing the court's opinion, the board granted summary judgment "to the extent that the registration is cancelled with respect to [jewelry]."

The board set trial and discovery dates with respect to the remaining goods covered by the registration. Lindeburg moved for reconsideration urging that the board grant the motion to cancel the registration in toto. Job's Daughters, however, filed a notice of appeal which has halted all proceedings before the board pending a decision by this court.

Lindeburg has moved to dismiss the appeal, urging that we lack jurisdiction inasmuch as no final decision has yet been rendered by the board on Lindeburg's cancellation petition. Job's Daughters contends that the award of partial summary judgment was final as to jewelry and is, therefore, a final decision of the board appealable to this court. Job's Daughters also asserts that a decision by this court now, rather than after the cancellation proceeding, would "undoubtedly promote judicial economy."

## OPINION

Our jurisdiction pursuant to 28 U.S.C. § 1542 and 15 U.S.C. § 1071 is limited to a review of "the decision" of the board. In *Toro Co. v. Hardigg Enterprises, Inc.*, 549 F.2d 785, 788, 193 USPQ 149, 153 (CCPA 1977), this court reiterated the basic rule that appellate jurisdiction does not extend to decisions of the board which are not final.

Where we have been asked to review an interlocutory order of the board, finality for purposes of appeal has been found only if the issues to be reviewed on appeal are separate and distinct from the remaining issues in the case, and a decision by this court would advance the goal of judicial economy. *Toro Co. v. Hardigg Enterprises, Inc.*, supra; *Knickerbocker Toy Co. v. Faultless Starch Co.*, 59 CCPA 1300, 467 F.2d 501, 175 USPQ 417 (1972).

In the instant case, Lindeburg's petition relies almost entirely on the Ninth Circuit decision as the basis for its allegations supporting cancellation of Job's Daughters' registration in its entirety. Hence, the issues of res judicata and collateral estoppel are inextricably intertwined with the resolution of the remaining issues of the proceeding. Accordingly, we do not view the board's grant of partial summary judgment as raising issues separate and distinct from the issues still to be addressed. *See e.g.*, *SCOA Industries, Inc. v. Kennedy & Cohen*, 530 F.2d 953, 955, 189 USPQ 15, 17 (CCPA 1976). To take jurisdiction here would be to usurp the board's role and would, necessarily, interfere with resolution of the remainder of the proceedings. Such action would be improper for this court. Further, the present circumstances are not "sufficiently exigent to justify suspending the final judgment rule and the policy against piecemeal review which it implements." *SCOA Industries, Inc. v. Kennedy & Cohen, Inc.*, supra.

We hold, therefore, that the action of the board in granting partial summary judg-

---

**2.** Jobs Daughters' trademark registration covering the insignia as used for jewelry and paper goods issued after the district court decision and before the appellate court decision.

**438**

ment is not an appealable "decision" under the circumstances of this case. The motion is *granted* and the appeal is *dismissed.*

DISMISSED.