## INTERNATIONAL SILVER CO. v. ONEIDA COMMUNITY, LIMITED.

### No. 105.

Circuit Court of Appeals, Second Circuit.

Dec. 13, 1937.

Rehearing Denied Jan. 29, 1938.

L. HAND, Circuit Judge, dissenting on rehearing.

———————◆———————

Bartlett, Eyre, Scott & Keel, of New York City (Thomas D. Thacher, John P. Bartlett, and Richard Eyre, all of New York City, of counsel), for complainant-appellee and petitioner.

Nims & Verdi, of New York City (John W. Davis and Luke W. Finlay, both of New York City, of counsel), for defendant-appellant-respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In a suit brought by the complainant against the defendant for unfair competition in the use of the name "Rogers" and of other related names and trade-marks, this court rendered an opinion (International Silver Co. v. Oneida Community, Limited, 73 F.2d 69) upon which a final decree on mandate was entered in the District Court on May 10, 1935, containing injunction provisions affecting both the complainant and the defendant. The injunction directed against the defendant, so far as pertinent here, restrained it:

"(a) From selling or offering for sale any flatware marked with marks containing the name 'Rogers' or with the initial marks '(Maltese Cross) W. R. (Keystone),' 'S. L. & G. H. R. Co.', or 'R. S. Mfg. Co.,' or from representing that any such ware is Rogers ware, except when your own name, either as successor of Wm. A. Rogers, Ltd., or as successor of Simeon L. and George H. Rogers Company, or as manufacturer, appears in any and all advertising and upon all cartons or containers in which goods bearing these marks or bearing the name 'Rogers' are supplied, and, if the ware be guaranteed, except as your name as successor or manufacturer shall appear upon the guaranty, your name in either instance to be displayed with sufficient proximity either to the name of such predecessor, or to said trade marks, or to the name 'Rogers' in type of sufficient size to make it clearly apparent that such goods are your goods and of no one else and that you are the successor of such predecessor or the manufacturer of such goods, and except as sales to dealers or other parties disposing of such ware shall be accompanied by written notices in unmistakable terms that the ware must not be sold or represented as Rogers ware except

as Rogers ware manufactured by you (using your corporate name), and from selling or offering for sale any ware with new marks containing the name 'Rogers' except as you shall inscribe upon the plate your corporate name, either as successor or manufacturer."

The injunction against the complainant so far as pertinent here restrained ·the complainant:

"(a) From stating directly or indirectly to the trade or the public or in any manner advertising or claiming that you, International Silver Company, are the sole or only concern whose ware may be advertised or sold as Rogers, or from stating that it is unfair competition to advertise or sell as Rogers, the ware of Oneida Community, Limited, marked with any of its marks, or with the name 'Rogers', provided, however, the cartons or containers bearing the same or the name 'Rogers,' and the advertisements thereof, are marked with the corporate name of Oneida Community, Limited, as successor or manufacturer, and written notices are given to dealers and others, and plate bearing new trademarks containing the name 'Rogers' is inscribed with the corporate name of Oneida Community, Limited, as successor or manufacturer; or from stating in advertising, or otherwise in trade directly or indirectly, that there are or ever were any injunctions or adjudications in force against such advertising or sale by Oneida Community, Limited, or its predecessors, or that anyone will be in contempt of court for thus advertising or selling the ware of Oneida Community, Limited".

The complainant filed a petition in the District Court to have the defendant adjudged in contempt and it was held in contempt for: (A) Furnishing counsel to one of its retail dealers, John G. Myers & Co., and agreeing to pay the expenses of the latter in defending a suit brought against Myers because of the latter's advertising of "Rogers," sold to it by the defendant, as "Rogers" simpliciter and not as Rogers Ware Manufactured by Oneida, Limited; (B) preparing and distributing to a dealer advertising literature such as Exhibit M—1 containing a notice to the dealer that he might change the suggested advertising as he desired; (C) sending letters to dealers who advertised defendant's "Rogers" ware in a manner, which by the decree the defendant was enjoined from employing, to "urge" them to use defendant's name in their advertising.

The contempt order adjudged that the foregoing acts had resulted in damage to the complainant and directed a reference to ascertain the amount.

The defendant filed a petition in the District Court to have the complainant adjudged in contempt: (1) For instituting the suit against John G. Myers & Company in violation of the injunction issued against the complainant which we have set forth; (2) for issuing a press release regarding the suit against Myers; (3) for distributing italicized copies of the former opinion by the majority of this court.

The District Court held that the complainant had not violated the injunction against it by reason of any of the foregoing acts and dismissed defendant's petition to have complainant adjudged in contempt.

The defendant has appealed both from (a) the order adjudging it in contempt and from (b) the order dismissing its petition and declining to hold complainant in contempt.

The first question we must decide is whether an appeal lies from either of the foregoing orders. The argument cannot prevail that, if one is not appealable, the other cannot be, because they are interrelated, for each order is based upon an independent proceeding and defendant's petition was in no sense a counterclaim or counter petition that would give rise to any interdependence.

The order adjudging the defendant in contempt and ordering a reference was plainly interlocutory and not final. Accordingly it is not appealable. McGourkey v. Toledo & Ohio C. Ry. Co., 146 U.S. 536, 545, 13 S.Ct. 170, 36 L.Ed. 1079; Dainese v. Kendall, 119 U.S. 53, 54, 7 S. Ct. 65, 30 L.Ed. 305. It is no more appealable than an order adjudging a patent infringed and directing an accounting without granting an injunction would have been prior to the amendment of February 28, 1927, 44 Stat. 1261, 28 U.S.C.A. § 227a. The order here neither imposed a fine nor granted an attachment, nor directed the defendant to pay damages. While an order adjudging a party in contempt and directing an accounting was reviewed on appeal in American Foundry & Mfg. Co. v. Josam Mfg. Co., 79 F.2d 116 (C.C.A.8), and City of Campbell, Mo., v. Arkansas-Missouri Power Co., 65 F.2d 425 (C.C.A.8), the question whether the order was appealable

was not discussed. The argument of appellant that the order was appealable because it modified an injunction cannot be sustained. It did no more than to interpret the prior injunction and to direct proceedings by way of a reference which might ultimately result in some direction to pay damages. We think that the appeal from the contempt order should be dismissed because it is not a final order. On the other hand, we hold that an appeal lies from the order dismissing defendant's motion for contempt. Enoch Morgan's Sons Co. v. Gibson (C.C.A.) 122 F. 420. That order is final.

██ We shall first deal with the order dismissing the petition of the defendant and declining to hold the complainant in contempt. The argument of the defendant is that the injunction directed against the complainant concerned only advertising by the defendant and not advertising by its customers. We think that the construction advocated by the defendant is required by the terms of the decree, and that the complainant was, therefore, violating the injunction against it when it. brought the suit against John G. Myers & Co. and claimed therein that Myers could not use "Rogers" simpliciter. There is nothing in the decree requiring the defendant to do more than in good faith to notify its customers that they must not use "Rogers" simpliciter, and this we think they have done. It does not require it to cease making sales to customers who do not obey the "must" notices. Nevertheless, the defendant can have no damage for the technical contempt, because it cannot prove that it is a loss to it for the complainant to prevent the defendant's customers from doing that which the defendant was directed to tell them they must not do. Morever, the defendant can have no cause of action for civil contempt when it cannot recover damages and—because of its own contempt in encouraging Myers to disregard the "must" notice by paying for the defense of the suit—comes into court as a disobedient suppliant. The second charge of contempt against complainant based on the circulation of the press release, so far as the release referred to the Myers' litigation, stands in the same position as the institution of the Myers suit. The defendant can have no valid claim to damages or right to have the complainant held in contempt for the same reason as in case of the first charge. The charge of contempt based on the circulation of the

prior opinion of this court is entirely without merit.

Although, for the reason already stated, the defendant cannot appeal from the decree adjudging the defendant in contempt, yet we have the pertinent facts which would determine the merits of. an appeal from a final order before us, and accordingly think we should set forth our views about the existing situation before the complainant embarks upon a possibly long and expensive proceeding before the master which, in our opinion, will necessarily be fruitless.

██ We agree with the court below that the defendant was guilty of contempt in furnishing counsel to Myers and in agreeing to pay the expenses of the latter in defending the suit brought against it. Such conduct of the defendant, whatever may have been the independent right of Myers to use "Rogers" simpliciter, cancels the effect of the warning and renders the "must" notice ineffectual. It is much as though the defendant upon sending out the "must" notice to its customers at the same time told them not to bother about it. We do not, however, agree with the District Court that the defendant was guilty of contempt in distributing Exhibit M—1 to the dealers with the statement "make whatever changes are necessary." The dealers had been given the "must" notices and suggested forms for advertising which indicated that the goods were to be advertised as "Rogers" were manufactured by Oneida, Limited, and not as "Rogers" simpliciter. The word "change" used upon the form M—1 when reasonably interpreted related only to changes that were not in disregard of the limited use of the word "Rogers" specified. Nor do we think that the letters which "urge" the dealers who advertised the goods as "Rogers" simpliciter qualified, or were intended to qualify, the effect of the "must" notices. In other words, it seems to us that the only contempt of the defendant was in assisting in the defense of the suit against Myers and in thereby encouraging unlimited advertising of defendant's wares as "Rogers" simpliciter. But we hold that the complainant can recover no damages and is entitled to no relief against this civil contempt because its only effect was to obstruct complainant in a suit which it was enjoined from bringing. Consequently, for complainant to proceed with a reference which can have no result favorable to itself is plainly futile.

442

The result of the foregoing analysis of the rights of the parties is plainly unsatisfactory because the form of the injunctive provision against the complainant is such as to prevent it from having any control over the ultimate advertising of defendant's goods as "Rogers" simpliciter. If the trade realizes that there is nothing to check dealers in the use of "Rogers" simpliciter, the defendant will get the same advantage it would have if it could itself advertise its silver as "Rogers" simpliciter without indicating that the goods were manufactured by the defendant and perhaps will secure an even greater benefit. While, therefore, we have no intention of opening this litigation generally by allowing the complainant to file a supplemental bill in the broad terms proposed, we think it proper to give the complainant leave to file a supplemental bill in the District Court for the purpose of requiring the defendant to cease selling its goods to any customer who persistently disregards the notice that its ware must not be sold or represented as "Rogers" ware except as Rogers ware manufactured by the defendant.

The appeal from the order adjudging the defendant in contempt is dismissed. The appeal from the order adjudging the complainant not in contempt is affirmed, not because the latter was justified in bringing the suit against Myers, but because the defendant has suffered no damages and has itself been guilty of contempt in agreeing to pay the expenses of John G. Myers & Co. in defending the suit against it and in thereby encouraging a customer to disregard the "must" notice. The petition for leave to file a supplemental bill is denied except that complainant is given leave to file a supplemental bill for the purpose of requiring the defendant to cease selling its goods to any customer where such customer persistently disregards the notice that its ware must not be sold or represented as Rogers ware simpliciter but only as Rogers ware manufactured by the defendant.

No costs are awarded to either party upon this appeal.

On Application for Rehearing.

PER CURIAM.

By allowing the filing of a supplemental bill for the purpose of "requiring the defendant to cease selling its goods to any customer who persistently disregards the notice that its wares must not be sold or represented as Rogers ware except as Rogers ware manufactured by the defendant," we have not intended to sanction a supplemental bill that is based on any trivial matters, or to permit litigation in cases where the defendant has acted reasonably in seeing that the advertising of its customers is such as to conform to the "must" notices. We add that a customer "who persistently disregards the notice" is only a customer who has disregarded it more than once and who, after the plaintiff has informed the defendant of the customer's repeated disregard of the notice, again disregards the defendant's warning.

The mandate should be amended so as to conform to the foregoing.

Motion for rehearing denied.

L. HAND, Circuit Judge (dissenting).

I think that it was an error for us to allow the filing of any supplemental complaint and that that part of our mandate should be deleted.