**H.A. JONES COMPANY, INC., and Erico Jones Company, Appellants,**

v.

**KSM FASTENING SYSTEMS, INC., Appellee.**

**Appeal No. 84–1568.**

United States Court of Appeals, Federal Circuit.

Sept. 28, 1984.

---

John W. Renner, Cleveland, Ohio, represented appellants.

Don W. Belson, Cleveland, Ohio, of counsel.

Charles F. Duffield, Cherry Hill, N.J., represented appellee.

Norman E. Lehrer, Cherry Hill, N.J., of counsel.

Before MARKEY, Chief Judge, and NIES and NEWMAN, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

KSM Fastening Systems, Inc. (KSM) has moved for dismissal of this appeal for lack of appellate jurisdiction.

### Background

On March 6, 1980, the District Court for the District of New Jersey (district court) signed a Consent Decree and Judgment enjoining Jones from further infringing KSM Patent No. 3,738,217. On July 17, 1984, the district court held Jones in contempt of the Consent Decree of March 6, 1980. The district court specifically stated that "the issue of damages will be decided at a later date." Jones has appealed from the district court's adjudication of contempt.

KSM submits that the district court's Order of July 17, 1984 is not appealable because it is not a final order, the issue of damages having been set for decision at a later date. KSM says the Order is interlocutory and does not modify an injunction, citing *Int'l. Silver Co. v. Oneida Community, Ltd.*, 93 F.2d 437, 36 USPQ 303 (2d Cir.1937).

KSM also submits that 28 U.S.C. § 1292(c)(2) is not applicable because the Order was not a "judgment in a civil action for patent infringement which ... is final except for an accounting," citing *American Saint Gobain Corp. v. Armstrong Glass Co.*, 418 F.2d 571, 163 USPQ 193 (6th Cir.1969).

KSM recognizes that the 4th Circuit disagreed with *American Saint Gobain* in *Ransburg Electro-Coating Corp. v. Ionic Electrostatic Corp.*, 431 F.2d 947, 167 USPQ 708 (4th Cir.1970), but attempts to distinguish *Ransburg* because appellee did not there raise the issue of jurisdiction during the initial appeal.

### Discussion

28 U.S.C. § 1292(c) provides, *inter alia,* that this court shall have exclusive jurisdiction:

> (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

As applied to the present appeal, this is an appeal from a judgment, namely the district court's order of July 17, 1984; the judgment is in a civil action for patent infringement; the judgment would otherwise be appealable to this court, i.e., jurisdiction of the district court was based on 28 U.S.C. § 1338(a); and the judgment is final except for an accounting of damages "at a later date". Each requirement of § 1292(c)(2) is squarely met.

KSM's attempt to distinguish *Ransburg* must fail. An appellate court either has or has not jurisdiction, regardless of when the determination is made. Nor does completion of the appeal from the infringement judgment before the later decision on the appeal from the contempt order constitute a distinction. Copendency of the appeals was not the basis for the determination jurisdiction was present over the appeal from the contempt order. The court in *Ransburg* looked to the predecessor statute to 28 U.S.C. § 1292(c)(2).

In the present appeal, no additional proceedings are contemplated by the district court, other than an accounting. All sub-

stantive issues have been fully adjudicated and there is no question respecting the finality of the judgment as to liability; all substantive issues have been resolved. *See Tenneco Resins, Inc. v. Reeves Bros., Inc.,* 736 F.2d 1508, 222 USPQ 276 (Fed.Cir. 1984).

In *American St. Gobain,* the district court referred the action to a special master as had been stipulated, and specifically retained jurisdiction, there being no indication that the district court entered an order holding the defendant in contempt.

KSM's reliance on *Oneida Community* is misplaced. That case dealt only with trademarks, with respect to which no statute similar to 28 U.S.C. § 1292(c)(2) is applicable.

### ORDER

Having considered the submissions of the parties, IT IS ORDERED THAT:

KSM's motion to dismiss this appeal for lack of appellate jurisdiction is denied.