**S AND T MANUFACTURING CO., INC., Saul R. Spector, and Steco Sales, Inc., Appellants,**

v.

**The COUNTY OF HILLSBOROUGH, FLORIDA, et al., Appellees.**

**Appeal No. 86–1484.**

United States Court of Appeals, Federal Circuit.

March 31, 1987.

---

Leonard Michael Quittner, Reading Pa., argued for appellants.

Edward Kondracki, Kerkham, Stowell, Kondracki & Clarke, P.C., Falls Church, Va., and George Rahdert, Rahdert, Acosta & Dickson, P.A., St. Petersburg, Fla., argued for appellees. Also on the brief were William L. Feeney, Kerkham, Stowell, Kondracki & Clarke, P.C., Falls Church, Va., Joseph Spicola, Spicola & Larkin, P.A., Tampa, Fla., and R. Elliott Dunn, Hillsborough County, County Attorney's Office, Tampa, Fla.

Before NIES, BISSELL and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

S and T Manufacturing Co., Inc., Saul R. Spector, and Steco Sales, Inc. (collectively, S & T) seek to overturn the final order of the United States District Court for the Middle District of Florida, Civil Action 84–1431–Civ–T–15. The order denied S & T's motion to set the case on the district court's trial docket and granted the motion filed by the County of Hillsborough, Florida, Har-Dee Manufacturing Co., Plant City Steel Co., Harsco Corp., and Hunt Truck Sales and Service, Inc. (collectively, Hillsborough) to enforce the settlement agreement. The district court found that the settlement agreement between S & T and Hillsborough was enforceable and that S & T had failed to show a basis for voiding the agreement. We affirm.

## BACKGROUND

This case arises out of a patent infringement dispute concerning U.S. Patent No. 3,815,764. The parties with their counsel met in the trial judge's chambers on February 20, 1986, and engaged in a settlement discussion. A partial transcript of these proceedings referenced a previous proposed settlement agreement, set forth several modifications to the previous agreement, and was signed by the parties and their attorneys. During the meeting an informal drawing was made depicting a structure which the parties agreed would not infringe the patent at issue. This informal drawing was later attached to the transcript as Exhibit A. That evening Hillsborough prepared a formal engineering sketch conforming to Exhibit A. The sketch was presented to S & T the following morning. S & T made several additions to this sketch and initialed it.

On March 4, 1986, Hillsborough's attorney sent to S & T's counsel a telefax of a formal settlement document (without exhibits). On March 11, 1986, S & T made demands for modifications to the formal settlement document. On March 18, 1986, originals of the previously telefaxed formal settlement document were sent to S & T's attorney. This document did not include S & T's March 11th demands. S & T refused to sign the formal document and filed a motion to place the case once again on the trial docket. In response, Hillsborough filed a motion to enforce the February 20, 1986 settlement agreement.

The district court, in its order concurrently denying S & T's motion and granting Hillsborough's motion, carefully reviewed S & T's assertion that there was no complete meeting of the minds at the end of negotiations on February 20, 1986, and that material areas of disagreement remained.

## ISSUE

The issue presented by this appeal is whether the district court's findings that a settlement agreement had been reached by the parties and that there was no basis for voiding the agreement were clearly erroneous.

## OPINION

### I

■ The jurisdiction of the district court over the complaint was based in whole or in part on 28 U.S.C. § 1338(a) (1982). Consequently, we have jurisdiction over this appeal. 28 U.S.C. § 1295(a)(1) (1982). Since the issue presented is a non-patent issue, we are guided by the law of the Eleventh Circuit from which the appeal arose. *See Sun Studs v. Applied Theory Assoc., Inc.,* 772 F.2d 1557, 227 USPQ 81 (Fed.Cir.1985); *Atari Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 223 USPQ 1074 (Fed.Cir.1984).

■ It is long established that courts favor dispute resolution through voluntary settlements. *See Williams v. First Nat'l*

*Bank of Pauls Valley,* 216 U.S. 582, 30 S.Ct. 441, 54 L.Ed. 625 (1910); *D.H. Overmyer Co. v. Loflin,* 440 F.2d 1213, 1215 (5th Cir.), *cert. denied,* 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971) (settlement contracts "will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits."). The Eleventh Circuit treats settlement agreements as contracts. Questions regarding settlements are governed by state law applicable to contracts in general. *Blum v. Morgan Guar. Trust Co. of New York,* 709 F.2d 1463, 1467 (11th Cir.1983); *Florida Educ. Ass'n, Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir.1973).

■ "Those who employ the judicial appellate process to attack a settlement through which controversy has been set to rest bear a properly heavy burden." *Asberry v. United States Postal Serv.,* 692 F.2d 1378, 1380 (Fed.Cir.1982). Here S & T urges that there was no settlement since there was never a meeting of the minds between the parties on February 20, 1986. However, to convince this court that its position is the proper view of the facts, S & T must convince us that the district court was clearly erroneous in finding a valid and enforceable settlement agreement. Fed.R. Civ.P. 52(a); *See Casielles v. Taylor Rolls Royce, Inc.,* 645 F.2d 498, 502 (5th Cir.1981) ("Whether parties have entered into a contract is an issue of fact. The district court's resolution of this issue will be upheld unless shown to be clearly erroneous."); *Pearson v. Ecological Science Corp.* 522 F.2d 171, 176 (5th Cir.1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976).*

In support of its motion for sanctions, Hillsborough argues that there is absolutely no reasonable basis for this appeal, relying on S & T's brief and the inconsistent, contradictory and wholly unsupported arguments made at the hearing before us. Hillsborough lists them as follows:

1. The agreement of February 20, 1986 was an agreement to agree;

2. Too much time had passed;

---

* Fifth Circuit cases decided prior to October 1, 1981, are precedent in the Eleventh Circuit.

*Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

3. The lower court abused its discretion and had no right to find an agreement;

4. There was no agreement because there was no meeting of the minds;

5. Hillsborough failed to perform under the contract;

6. There were two agreements and a proposed consent decree to be merged; and

7. Hillsborough failed to run three successive advertisements.

S & T, in its attempt to support its argument that no agreement was reached, relies principally on its contention that no adequate drawing of the noninfringing structure was ever prepared and, therefore, no settlement was reached. However, the evidence of record supports the contrary conclusion. Hillsborough prepared a formal drawing to scale which was amended to include legends and details requested by S & T. S & T's representatives initialed the amended drawing and had it incorporated by reference as Exhibit B into the *Transcript of Proceedings (Settlement Agreement),* as depicting an acceptable noninfringing structure. That drawing was forwarded to S & T with the formal settlement documents. S & T's allegation that the drawing is not sufficient to enable one to discern if Hillsborough steps over the line of noninfringement into the zone of infringement does not support an appeal based upon allegations that there was no meeting of the minds. The drawing at issue was initialed and referenced as showing an acceptable noninfringing structure. S & T's assertion that the drawing does not clearly show a crucial dimension is belied by the most cursory examination of the drawing itself. Apart from this criticism S & T does not otherwise explain what substantive matter or matters were missing from the drawing, but merely denigrates the drawing as an "informal blueprint." The argument is wholly without substance with respect to the issue of whether a settlement agreement existed.

The remaining arguments of S & T are fully dealt with by findings of the district court. S & T can point to no factual basis in the record to support its position.

S & T has failed to show any basis for rejecting the district court's findings. We agree with the district court's conclusion that "[S & T's] contentions are pregnant with the admission that a settlement agreement was reached." Furthermore, S & T sets forth no analysis under any legal theory which renders this agreement voidable. The district court's order is affirmed.

## II

■ Our attention now turns to Hillsborough's request on this appeal for damages. In view of the undisputed facts in this case, the lack of any coherent legal theory under which S & T sought to reverse the district court, and the meritless assertion regarding additional advertising, we find this appeal frivolous. S & T's response to Hillsborough's request for fees merely reasserts its merits arguments. Under such circumstances, this court is free to impose damages under Rule 38 of the Federal Rules of Appellate Procedure. *See Asberry,* 692 F.2d at 1382 (frivolous appeal); *Beachboard v. United States,* 727 F.2d 1092, 1095 (Fed.Cir.1984) ("recreational" litigation); *Colt Indus. Operating Corp. v. Index-Werke K.G.,* 739 F.2d 622, 623 (Fed. Cir.1984) ("[P]rocedural and semantic gamesmanship" is "abusive of the judicial process and wasteful of resources."); *compare Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed. Cir.1983) (noting that appeals "having a small chance of success are not for that reason alone frivolous"); *Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen,* 733 F.2d 1568, 1573, 221 USPQ 1121, 1125 (Fed.Cir. 1984) (referring to the "differences between excessive advocacy ... and clear frivolity"). Hillsborough is hereby awarded as damages Five Hundred ($500.00) Dollars.

AFFIRMED.

ARCHER, Circuit Judge, joins Part I and concurs in the result of Part II.