918 F.2d 160
 59 USLW 2322, 16 U.S.P.Q.2d 1697
 Donald R. JOHANNSEN and Wideview Scope Mount Corporation
d/b/a The Pumpkin Kutter Company, Plaintiffs-Appellants,
v.
PAY LESS DRUG STORES NORTHWEST, INCORPORATED,
Defendant/Cross-Appellant.
 Nos. 89-1688, 89-1689.
 United States Court of Appeals,
Federal Circuit.
 Oct. 30, 1990.
 
 Joseph R. Papp, Harness, Dickey & Pierce, Troy, Mich., argued, for plaintiffs-appellants. With him on the brief was John A. Sinclair. Also on the brief was Daniel P. Chernoff, Chernoff, Vilhauer, McClung & Stenzel, Portland, Or., of counsel.
 Stephen A. Hill, Pearne, Gordon, McCoy & Granger, Cleveland, Ohio, argued, for defendant/cross-appellant. With him on the brief was Thomas P. Schiller.
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and LIFLAND, District Judge.*
 RICH, Circuit Judge.
 
 
 1
 This appeal and cross-appeal are from a judgment of the United States District Court for the District of Oregon in a case involving both design patent infringement and unfair competition. The judgment entered by the district court concluded all liability issues between the parties, but stayed proceedings on injunctive relief and an accounting for unfair competition damages. The parties appealed, asserting that the judgment was an interlocutory decision appealable under 28 U.S.C. Sec. 1292(c)(2) (1982). We dismiss for lack of appellate jurisdiction.
 
 Background
 
 2
 In 1988, Donald R. Johannsen and Wideview Scope Mount Corporation (collectively Johannsen) sued Pay Less Drug Stores Northwest, Incorporated (Pay Less), seeking damages and an injunction against Pay Less selling its child-safe, pumpkin-cutting knives. Johannsen accused Pay Less of design patent infringement and many sorts of federal and state unfair competition.
 
 
 3
 With the consent of the parties, the court decided the liability issues on the basis of written submissions. The court issued a written opinion and order disposing of all liability issues on April 10, 1989, which was modified on May 5, 1989. Johannsen v. Pay Less Drug Stores, Inc., Civil No. 88-326-MA (D.Or. May 5, 1989). Neither party was completely victorious. The district court ruled for the plaintiffs on certain unfair competition claims and for the defendant on patent infringement and other unfair competition claims.
 
 
 4
 After issuance of the opinion and order, both parties separately requested the district court to certify its liability rulings for immediate appeal under Fed.R.Civ.P. 54(b) and to stay injunctive and damage proceedings during the appeal. Before the court could act, however, the parties decided that there was no need for certification. As they explained to the district court:
 
 
 5
 Under 28 U.S.C. Sec. 1292(c)(2), the right to appeal in a case like this one arises at the point where a final judgment has been entered on all of the claims, even though the case remains pending before the district court for an accounting of damages. H.A. Jones Com. v. KSM Fastening Systems, Inc., 745 F.2d 630, 631, 223 USPQ 689 (Fed.Cir.1984).
 
 
 6
 Accordingly, the parties withdraw their respective recently-filed motions for certification and Stipulated [M]otion for Rule 54(b) Entry of Judgment, and now jointly move the court to (1) enter judgment ... and (3) otherwise stay proceedings on the entry of an injunction and on the damages phase of the case pending the outcome of the appeal.
 
 
 7
 The court entered the requested judgment on July 26, 1989. The judgment explicitly deferred an accounting of damages and an injunction against Pay Less, "pending appeal." The judgment stated that it "conclude[d] all liability issues between the parties, and is final except for an accounting of damages. 28 U.S.C. Sec. 1292(c)(2)."
 
 
 8
 Johannsen appealed from the judgment (Appeal No. 89-1688) and Pay Less cross-appealed (Appeal No. 89-1689). Neither party addressed the issue of appellate jurisdiction in its appellate briefs or during oral argument, other than to summarily assert that jurisdiction was under 28 U.S.C. Sec. 1292(c)(2).
 
 DISCUSSION
 
 9
 The threshold issue in every appeal to this court is whether we have jurisdiction to review the decision made below. Woodard v. Sage Products, Inc., 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc). We are obliged to consider that issue sua sponte, even if all parties urge us to decide the case on the merits. Aerojet-General Corp. v. Machine Tool Works, 895 F.2d 736, 738, 13 USPQ2d 1670, 1672 (Fed.Cir.1990).
 
 
 10
 Under 28 U.S.C. Sec. 1295(a)(1), this court has exclusive jurisdiction of an appeal from a "final decision"[1] of a district court whose jurisdiction, in whole or in part, arises under an Act of Congress relating to patents. 28 U.S.C. Sec. 1295 (1982 & Supp. VI 1988); 28 U.S.C. Sec. 1338 (1982 & Supp. VI 1988); Christianson v. Colt, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In addition, this court has exclusive jurisdiction to review certain "interlocutory decisions" in such cases, as provided by 28 U.S.C. Sec. 1292(c). The district court's jurisdiction in this case was based, in part, upon Johannsen's patent infringement claim. Therefore, if appellate review is possible at this time, the parties correctly sought review by this court.
 
 
 11
 The judgment in this case, however, is clearly not a "final decision" appealable under Sec. 1295 because it leaves pending an accounting and proceedings on injunctive relief expressly stayed by the district court. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). Recognizing that, the parties asserted, in withdrawing their motions for Rule 54(b) certification, that the judgment is an appealable interlocutory decision under Sec. 1292(c)(2).[2] That sub-section states:
 
 
 12
 (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--
 
 
 13
 (2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.
 
 
 14
 Thus, jurisdiction turns on whether the decision appealed from is "a judgment in a civil action for patent infringement" which "is final, except for an accounting."[3]
 
 
 15
 Section 1292(c)(2) is straightforward to apply when the civil action involves only claims for patent infringement. If the patent owner obtains a judgment of patent infringement, and an accounting is impending, the adjudged infringer may appeal under Sec. 1292(c)(2). On the other hand, if the patent owner loses at trial, as it did here, Sec. 1292(c)(2) is not applicable, there being no impending accounting. The judgment in the latter situation is not interlocutory, but final and appealable under Sec. 1295.
 
 
 16
 The patent infringement claim in this case, however, is joined with non-patent claims. This joinder complicates the issue of appealability under Sec. 1292(c)(2), raising, at a minimum, a question as to whether the non-patent claims must be (1) final, except for an accounting or (2) completely final.[4]
 
 
 17
 While we recognize that that issue exists in every case involving the joinder of non-patent claims, the joinder in this case raises a more fundamental question: Is a judgment that pronounces liability for unfair competition and orders an accounting--but pronounces no infringement of patent rights and orders no patent accounting--appealable under Sec. 1292(c)(2)? As we have explained, if the patent infringement claim had been the only claim asserted, the judgment of no infringement would not be an appealable interlocutory decision under Sec. 1292(c)(2). Is it made so by the introduction of non-patent claims which are final, "except for an accounting"?
 
 
 18
 We think not. We see no reason why the introduction of non-patent claims should trigger Sec. 1292(c)(2) and change the basic interplay between that statute and Sec. 1295. If Sec. 1292(c)(2) does not apply to the denial of a pure patent claim--for want of an impending patent accounting--then the introduction of other claims, which do not offer the prospect of a patent accounting, cannot matter. It is irrelevant that those other claims offer the prospect of non-patent accountings. The statute's purpose was "to prevent a great burden of expense to litigants in actions to determine the validity of patents, where an accounting is involved ... [Under the statute an] appeal can be taken ... so as to obviate the cost of an accounting in the event the case is reversed on appeal." H.R.Rep. No. 1890, 69th Cong., 2d Sess. 1 (1927). In enacting Sec. 1292(c)(2) and its predecessors, Congress expressed a desire to allow interlocutory appeals over the prospect of an unnecessary patent accounting, not just any accounting.
 
 
 19
 The parties here misinformed the district court of the import of our decision in H.A. Jones Co., Inc. v. KSM Fastening Systems, Inc., 745 F.2d 630, 631, 223 USPQ 689 (Fed.Cir.1984). In H.A. Jones, the district court had signed a Consent Decree and Judgment enjoining Jones from infringing KSM's patent. No appeal was taken. Four years later, the court entered an order holding Jones in contempt of its prior judgment, in effect a holding of patent infringement, but deferring an accounting of damages for the contempt. Id. Jones appealed to this court and KSM moved to dismiss for lack of jurisdiction. KSM's motion was denied, this court finding jurisdiction under Sec. 1292(c)(2), each requirement of which was held to be "squarely met." Id. H.A. Jones sheds little, if any, light on the jurisdictional questions in this case. There is no holding of patent infringement and no impending patent accounting in this case.
 
 
 20
 Further, our present interpretation of Sec. 1292(c)(2) is consistent with the decision in Majorette Toys (U.S.) Inc. v. Darda, Inc. U.S.A., 798 F.2d 1390, 230 USPQ 541 (Fed.Cir.1986). There the district court's judgment of $9,622.86 for patent infringement resolved all issues (including accounting), except the amount of costs and attorney fees. On appeal, defendant/appellee Darda moved to dismiss, arguing that (1) the judgment was not a "final decision" appealable under Sec. 1295 because it did not quantify attorney fees and costs, and (2) the judgment was not an appealable interlocutory decision under Sec. 1292(c)(2) because there was no impending patent accounting. Without discussing the first argument, the court held that jurisdiction was proper under Sec. 1292(c)(2), saying:
 
 
 21
 If an appeal in a patent case can come to this court under Sec. 1292(c)(2) after validity and infringement are determined but prior to determining damages, it makes no sense not to allow an appeal after validity, infringement, and damages are ascertained, and an award of attorney fees granted, even though the exact amount of attorney fees (and costs) has not been precisely ascertained.... [A]llowing the present appeal will prevent loss of time and expense, and the need to explore what sometimes may be sensitive attorney records, in the event the case is overturned on the merits or in the determination that attorney fees should be awarded.
 
 
 22
 Id. at 1391-92, 230 USPQ at 542. Thus, an appeal was apparently permitted under Sec. 1292(c)(2), even though there was no impending patent accounting.
 
 
 23
 The recent Supreme Court decisions of Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) and Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) clarify the question not discussed in Majorette Toys: whether the judgment in that case was final under Sec. 1295 despite pending quantification of attorney fees and costs. Budinich established that "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final" under Sec. 1291. Id. 486 U.S. at 202, 108 S.Ct. at 1722. Buchanan, on the other hand, held that a motion for costs under Fed.R.Civ.P. 54(d) was not a motion to amend a judgment under Rule 59(e) because it "raises issues wholly collateral to the judgment in the main cause of action," 485 U.S. at 268, 108 S.Ct. at 1131. Buchanan thus implicitly recognized that an unresolved issue of costs does not prevent a judgment on the merits from being final under Sec. 1291. See also Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); Jurgens v. McKasy, 905 F.2d 382 (Fed.Cir.1990). Consequently, the judgment in Majorette Toys was actually a "final decision" appealable under Sec. 1295, and the court's discussion of Sec. 1292(c)(2) was not necessary to its holding on jurisdiction.
 
 CONCLUSION
 
 24
 We hold that 28 U.S.C. Sec. 1292(c)(2) does not permit appeal from a judgment on mixed patent and unfair competition claims that denies all patent infringement claims and adjudges liability only for unfair competition as to which a decision on damages and injunctive relief is yet to be made.
 
 
 25
 Costs Each party to bear its own costs.
 
 
 26
 89-1688 DISMISSED.
 
 
 27
 89-1689 DISMISSED.
 
 
 
 *
 Judge John C. Lifland, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 The "final decision" requirement of 28 U.S.C. Sec. 1295(a)(1) is coextensive with the "final decision" requirement of 28 U.S.C. Sec. 1291 (1982), governing appeals to other United States Circuit Courts. See Micro Motion Inc. v. Exac Corp., 876 F.2d 1574, 1575-76, 11 USPQ2d 1070, 1071 (Fed.Cir.1989)
 
 
 [2]
 Section 1292(c)(1) is clearly inapplicable. See Woodard v. Sage Products, Inc., 818 F.2d 841, 855, 2 USPQ2d 1649, 1659 (Fed.Cir.1987) (in banc) (grant of summary judgment of patent non-infringement to one of several defendants is not a denial of a permanent injunction appealable under Sec. 1292(c)(1))
 
 
 [3]
 Section 1292(c)(2) derives from former 28 U.S.C. Sec. 1292(a)(4), which itself derives from a 1927 Act of Congress, Act of February 28, 1927, Pub.L. No. 69-662, 44 Stat. 1261. Though recodified several times, the section has remained substantially unchanged throughout its history. The only change pertinent to this case occurred in 1982, when the statute was recodified from Sec. 1292(a)(4) to Sec. 1292(c)(2). That change shifted appellate jurisdiction from the regional circuit courts of appeals to this circuit in suits for patent infringement. See generally 9 Moore's Federal Practice p 110.31
 
 
 [4]
 Contrast Saf-Gard Products, Inc. v. Service Parts, Inc., 532 F.2d 1266, 1268, 190 USPQ 455, 456 (9th Cir.1976) (Kennedy, J.) (permitting appeal under Sec. 1292(a)(4) of judgment on unfair competition and patent infringement claims, each final, except for accounting) with W.L. Gore & Assoc., Inc. v. Carlisle Corp., 529 F.2d 614, 617, 189 USPQ 129, 132 (3d Cir.1976) (denying appeal under Sec. 1292(a)(4) of judgment on antitrust counterclaim and patent infringement claim, each final, except for accounting). These decisions were under former Sec. 1292(a)(4), the predecessor to Sec. 1292(c)(2). See n. 3, supra. See also Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1135, 227 USPQ 543, 545 (Fed.Cir.1985) (review will not be permitted under Sec. 1292(c)(2) if completely unadjudicated non-patent claims remain)