926 F.2d 92
 18 Fed.R.Serv.3d 948, 17 U.S.P.Q.2d 1935
 WANG LABORATORIES, INC., Plaintiff, Appellee,
v.
APPLIED COMPUTER SCIENCES, INC., James Abbenhaus and Rodger
D. Noel, Defendants, Appellants.
WANG LABORATORIES, INC., Plaintiff, Appellee,
v.
APPLIED COMPUTER SCIENCES, INC., James Abbenhaus and Rodger
D. Noel, Defendants, Appellants.
 Nos. 90-1747, 90-2083.
 United States Court of Appeals,
First Circuit.
 Heard Dec. 6, 1990.
Decided Feb. 21, 1991.
 
 Jack R. Pirozzolo, with whom Judith S. Ziss, Todd A. Richardson and Willcox, Pirozzolo & McCarthy, Boston, Mass., were on brief, for defendants, appellants.
 Michael J. Tuteur, with whom Paul F. Ware and Goodwin, Procter & Hoar, Boston, Mass., were on brief, for plaintiff, appellee.
 Before SELYA and CYR, Circuit Judges, and BOWNES, Senior Circuit Judge.
 BOWNES, Senior Circuit Judge.
 
 
 1
 Appellant, Applied Computer Sciences, Inc. ("ACS"), seeks review of a summary judgment enforcing a settlement agreement between ACS and appellee, Wang Laboratories, Inc. ("Wang"). We find that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to hear this appeal. Before the case is transferred to the Federal Circuit, however, it must be remanded to the district court for compliance with Rule 58 of the Federal Rules of Civil Procedure.
 
 I. Background
 
 2
 Wang and ACS manufacture and market data processing systems. In 1983 Wang filed two suits for patent infringement against ACS in the District Court of Massachusetts. The following year ACS filed a counterclaim against Wang in the Western District of Washington, seeking a declaratory judgment on the patent claims and alleging illegal tying arrangements, tortious interference and commercial disparagement. The three patent cases were consolidated in the District Court of Massachusetts.
 
 
 3
 In early 1986 the district court entered a consent judgment, holding that ACS had infringed a Wang patent and permanently enjoining ACS from further infringement of it. As part of the settlement negotiations, Wang granted ACS several licenses covering: software; trade secrets; the manufacture, sale, and export of printers; and the sale of infringing work stations.
 
 
 4
 Less than a year after the district court's entry of the consent judgment, Wang received information leading it to believe that ACS was violating the terms of the consent judgment by continuing to manufacture infringing devices and exporting them to an ACS affiliate in Ireland. Wang moved for an order to show cause why ACS should not be held in contempt for violating the court's permanent injunction. Wang also filed a separate action against ACS and two ACS officers, alleging breach of the license agreements. The court consolidated the contempt action with the action for breach of contract.
 
 
 5
 On April 19, 1988, the Friday before trial, the parties notified the court that they had settled the case. The district court dismissed the case "without prejudice to the right upon good cause to reopen the action [within 30 days] if settlement is not consummated."
 
 
 6
 It is arguable whether ACS and Wang agreed on the terms of the settlement.[1] On February 9, 1989, Wang moved to vacate the dismissal, alleging that ACS had refused to sign the settlement agreement. On April 17, 1989, Wang moved for summary judgment to enforce the settlement agreement. In an order dated July 2, 1990, 741 F.Supp. 992, the district court granted summary judgment in favor of Wang, ruling:
 
 
 7
 [T]he April agreement is a valid settlement agreement between [ACS] and Wang. The parties have sixty days mutually to agree to a modification of the April agreement. If the parties cannot reach agreement on changes to the April agreement within those sixty days, then the April agreement as it now stands may be enforced on the sixtieth day, it having become effective as between the parties on April 22, 1988.
 
 
 8
 ACS appeals from the summary judgment. Wang argues that this court lacks jurisdiction to hear the appeal because the Federal Circuit has exclusive jurisdiction to hear appeals grounded in patent law. Wang further contends that the appeal is premature for two reasons: (1) the order granting summary judgment was not an appealable final judgment because it contemplated additional proceedings; and (2) no separate judgment was entered on the docket, as required by Federal Rule of Civil Procedure 58.
 
 II. Circuit Jurisdiction
 
 9
 Under 28 U.S.C. Sec. 1295(a) the Federal Circuit has exclusive jurisdiction of an appeal if the jurisdiction of the district court was based, in whole or in part, on 28 U.S.C. Sec. 1338. Section 1338(a) provides:
 
 
 10
 The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents....
 
 
 11
 The jurisdictional scope of the statute has been defined in case law. Section 1338 jurisdiction
 
 
 12
 extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.
 
 
 13
 Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808-09, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988). "The district court's 'arising under' jurisdiction in patent cases is properly measured at the complaint stage of the proceedings." Xeta, Inc. v. Atex, Inc., 825 F.2d 604, 606 (1st Cir.1987); see also Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc., 755 F.2d 1559, 1562 (Fed.Cir.), cert. dismissed, 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985).
 
 
 14
 The three consolidated cases which resulted in the consent judgment were grounded on the district court's patent jurisdiction. The consent judgment permanently enjoined ACS from infringing the Wang patent. Enforcement of the court's injunction through a contempt[2] proceeding was within the district court's patent jurisdiction arising under 28 U.S.C. Sec. 1338. Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 452, 52 S.Ct. 238, 76 L.Ed. 389 (1932); KSM Fastening Systems, Inc. v. H.A. Jones Co., 776 F.2d 1522, 1524 (Fed.Cir.1985); H.A. Jones Co. v. KSM Fastening Systems, Inc., 745 F.2d 630, 631-32 (Fed.Cir.1984).[3]
 
 
 15
 The Federal Circuit has jurisdiction to hear an appeal from the enforcement of a patent settlement agreement when the "jurisdiction of the district court over the [original] complaint was based in whole or in part on 28 U.S.C. Sec. 1338(a) (1982)." S and T Mfg. Co. v. County of Hillsborough, 815 F.2d 676, 678 (Fed.Cir.1987). Furthermore, an appeal from the grant or denial of an adjudication of contempt of a consent decree in a patent infringement case lies in the Federal Circuit. See KSM Fastening Systems, Inc. v. H.A. Jones Co., 776 F.2d 1522; MAC Corp. of America v. Williams Patent Crusher & Pulverizer Co., 767 F.2d 882 (Fed.Cir.1985); H.A. Jones Co. v. KSM Fastening Systems, Inc., 745 F.2d 630.
 
 
 16
 ACS argues that the First Circuit rather than the Federal Circuit has jurisdiction to hear this appeal. ACS claims that the contract suit somehow subsumed the contempt proceeding; therefore, the Federal Circuit's patent jurisdiction does not apply to this case. This claim contradicts the record. When Wang filed the breach of contract claim, it did not drop the contempt proceeding. The district court consolidated the two actions for all purposes, including trial. Its ensuing decision granting summary judgment, quoted supra, was indivisible, blanketing all of the consolidated cases.
 
 
 17
 We conclude that the Federal Circuit has jurisdiction to hear this appeal. Normally a transfer to the Federal Circuit pursuant to 28 U.S.C. Sec. 1631[4] would be made. Because Wang has challenged the finality and propriety of the order from which the appeal was taken, we find that prudence requires a remand to the district court before the transfer to the Federal Circuit is made.
 
 
 18
 III. Finality of the Summary Judgment Order and Rule 58
 
 
 19
 Wang argues that the summary judgment order did not finally resolve all the disputes between the parties. The district court gave the parties sixty days to modify the settlement agreement; failing that, the April agreement would be enforced. We think that Wang's lack of finality argument is strained.
 
 
 20
 A judgment is final and appealable if the court has "resolv[ed] the contested matter, leaving nothing to be done except execution of the judgment." United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 14 (1st Cir.1988) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). For example, an order granting attorney's fees which "explicitly contemplated the future entry of another order" to allocate payment between the two respondents was not a final judgment. Metropolitan District Comm'n, 847 F.2d at 14 (emphasis original).
 
 
 21
 In the present case, the district court found that the consent agreement was binding and enforceable unless the parties mutually agreed to modify it within sixty days, in which case the modified agreement would be binding and enforceable. The court did not instruct the parties to report back for further proceedings. Far from "contemplat[ing] the future entry of another order," the ruling obviated further proceedings. The July 2, 1990, order resolved the contested matter as far as the court was concerned although it gave the parties flexibility to further compromise in private negotiations.
 
 
 22
 If lack of finality were the only obstacle to appellate jurisdiction, we would transfer this case to the Federal Circuit without a remand to the district court. But the court's failure to follow Fed.R.Civ.P. 58 is a formidable roadblock to appellate jurisdiction. Rule 58 states in pertinent part:
 
 
 23
 Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).
 
 
 24
 No separate document appears in the record.
 
 
 25
 A separate document renders an order effective for purposes of the running of the appeal period. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978). The separate document requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973). Nonetheless, mechanical application is unnecessary where both parties waive the requirement and neither party would be prejudiced or misled by lack of a separate document. Because "[t]he sole purpose of the separate-document requirement ... was to clarify when the time for appeal under 28 U.S.C. Sec. 2107 begins to run," the lack of a separate document does not affect the finality of the judgment. Bankers Trust Co. v. Mallis, 435 U.S. at 385, 98 S.Ct. at 1120.
 
 
 26
 We recently remanded a case to the district court for compliance with Rule 58 where the separate document requirement was not waived by both parties. We thought that noncompliance with Rule 58 might result in loss of the right to appeal. Willhauck v. Halpin, 919 F.2d 788 (1st Cir.1990). We stated that "while the Supreme Court has held that Rule 58's mechanical separate document requirement can be waived where both parties assent ... the Court emphasized that the rule should always be interpreted 'to prevent loss of the right to appeal, not to facilitate loss.' " Willhauck, 919 F.2d at 792 (quoting Bankers Trust v. Mallis, 435 U.S. at 386, 98 S.Ct. at 1120 (citation omitted)). Because Wang asserts the separate document requirement as a bar to appellate jurisdiction, we hesitate to apply Bankers Trust to the present case.
 
 
 27
 To eliminate any further questions about the separate document requirement, we remand this case to the district court for compliance with Rule 58 and for such other proceedings as it may deem necessary or desirable. When a separate judgment is entered below, one or more new notices of appeal may be filed within the time allowed by law, directed to the Court of Appeals for the Federal Circuit.
 
 
 28
 So ordered.
 
 
 
 [1]
 Wang says the parties did agree
 
 
 [2]
 Contempt lies for "[d]isobedience or resistance to [a court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. Sec. 401(3) (1988)
 
 
 [3]
 The breach of contract suit was grounded in Massachusetts state law; had it not been consolidated with the contempt case, the contract appeal could be heard by this court. See Boggild v. Kenner Products, 853 F.2d 465, 468 (6th Cir.1988) (Federal Circuit did not have exclusive jurisdiction of appeal in breach of licensing agreement suit); Ballard Medical Products v. Wright, 823 F.2d 527, 530 (Fed.Cir.1987) (presence of patent issues during arbitration proceeding in contract suit did not create jurisdiction in the Federal Circuit on appeal). But see S and T Mfg. Co. v. County of Hillsborough, 815 F.2d 676 (Fed.Cir.1987) (although issue presented was a non-patent issue, Federal Circuit assumed jurisdiction of appeal of decision that a settlement in a patent infringement suit had been reached)
 
 
 [4]
 28 U.S.C. Sec. 1631 provides, in pertinent part:
 Whenever ... an appeal ... is noticed for or filed with ... a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the ... appeal could have been brought at the time it was filed or noticed....