NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IMPRENTA SERVICES, INC., MIKE SANCHEZ,**
*Plaintiffs-Appellants*

**v.**

**NICHOLAS PATRICK KARLL, ECO PACKAGING SOLUTIONS,**
*Defendants-Appellees*

---

2022-2122

---

Appeal from the United States District Court for the Central District of California in No. 2:20-cv-06177-GW-PVC, Judge George H. Wu.

---

**ON MOTION**

---

Before TARANTO, MAYER, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

## O R D E R

Nicholas Patrick Karll and Eco Packaging Solutions (collectively, "Eco") move to dismiss this appeal for lack of jurisdiction. Imprenta Services, Inc. and Mike Sanchez (collectively, "Imprenta") oppose dismissal.

Imprenta filed this action in the United States District Court for the Central District of California for declaratory judgment of non-infringement of Eco's patent, declaratory judgment of inequitable conduct, and to correct inventorship. Eco asserted a counterclaim for patent infringement and state law counterclaims for breach of contract and breach of warranty. Eco also sought to enjoin future patent infringement by Imprenta.

The district court granted Eco's motions for summary judgment of correct inventorship, no inequitable conduct, and willful patent infringement. The court also granted-in-part Eco's motion for sanctions. The court subsequently entered an order setting the sanctions amount while deferring a ruling on infringement damages and enhanced damages. Imprenta filed a notice of appeal seeking review of those decisions, as well as orders on evidentiary objections and claim constructions. ECF No. 1-2 at 2–3.

Our jurisdiction generally extends only to a "final decision of a district court," 28 U.S.C. § 1295(a)(1), i.e., one that "ends the litigation on the merits and leaves nothing for the court to do but to execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945). That is not the situation here. The court decisions from which Imprenta attempts to appeal did not end the litigation, as it is undisputed that, among other things, the district court has not reached a final decision on the state law claims. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) ("A judgment that does not dispose of pending counterclaims is not a final judgment." (citation omitted)).

Imprenta suggests that this matter is "final except for an accounting" pursuant to 28 U.S.C. § 1292(c). But that narrow exception to the final judgment rule does not apply here, at least because Eco's request for injunctive relief regarding patent infringement remains pending. *See Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737 (1976) (no final decision when injunction request is outstanding); *Johannsen v.*

*Pay Less Drug Stores Nw., Inc.*, 918 F.2d 160, 164 (Fed. Cir. 1990) (noting that district court ruling that did not adjudicate motion for injunctive relief, *inter alia*, is not final except for an accounting).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted to the extent that the appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of this order, Imprenta appeals from the entry of a final judgment appealable under either 28 U.S.C. § 1292(c) or § 1295(a)(1) or from a judgment entered under Rule 54(b) of the Federal Rules of Civil Procedure.

(2)  Each side shall bear its own costs.

FOR THE COURT

January 30, 2023                              /s/ Peter R. Marksteiner
        Date                                      Peter R. Marksteiner
                                                  Clerk of Court

ISSUED AS A MANDATE: January 30, 2023